## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| In re: | Case No. 20-31408-KLP |
| Gemini Realty LLC[1] | |
| Debtor | Chapter 11 |

### Plan of Reorganization for Gemini Realty, LLC[2]
### June 10, 2020

**Preamble for Debtor's Plan of Reorganization**

### A.    Description and History of the Debtor's Business

Gemini Realty LLC is a limited liability company, whose principal business since late 2016 has been the purchase and rehabilitation of real estate for ultimate sale or alternative use. One such alternative use potential is as a group home. To that end, a license was obtained from the Virginia Department of Behavioral Health & Developmental Services to operate the Debtor's real property located at 1902 Reagan Road, Henrico, Virginia 23231 as a group home. The Debtor is rehabilitating its other piece of real property located at 10613 Sherwin Place, Glen Allen, Virginia 23059, and the same may also ultimately be leased as a group home.

### B.    Liquidation Analysis

To confirm this Plan, the Court must find that all Creditors and Equity Interest holders who do not accept the Plan will receive at least as much under the Plan as such Claim and Equity Interest holders would receive in a Chapter 7 liquidation. As such a liquidation analysis is attached hereto as Exhibit A, which liquidation analysis demonstrates the same.

---

[1] The Debtor's address is 10613 Sherwin Place, Glen Allen, Virginia 23059, and the Debtor's EIN is 84-1710227.

[2] Defined terms shall be as provide in Article 8.01 herein

---

Lynn L. Tavenner, Esquire (Va. Bar No. 30083)
Paula S. Beran, Esquire (Va. Bar No. 34679)
David N. Tabakin, Esquire (Va. Bar No. 82709)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Counsel for the Debtor*

Debtor __Gemini Realty LLC_____     Case number __20-31408_____
      Name

### C.    Ability to Make Future Plan Payments and Operate without Further Reorganization

The Debtor maintains that it will have enough Cash over the life of the Plan to (a) make the required payments provided herein and (b) operate the Reorganized Debtor's business as demonstrated on the projected financial information attached as Exhibit B. The financial projections show that the Reorganized Debtor will have projected disposable income (as defined by § 1191(d) of the Bankruptcy Code) for the period described in § 1191(c)(2) of approximately $370,000.00. The final Plan payment is expected to be paid on or before August 2023.

The Debtor's projections are based on the following assumptions: All necessary licenses and permits will be obtained by September 2020; Financing markets for investment property will be fully operational by September 2020; Tenant and/or residents will pay all expenses other than property taxes, property insurance, operating licenses, mortgage payments, and legal/accounting expenses; Beginning not later than October 2020, Reorganized Debtor will receive 50 percent of the proceeds from the locations of Reagan Property and Sherwin Property from Zuriel and/or the residents the residents thereof; Sherwin Property will be refinanced on or before 120 days from the Effective Date and all amounts owed subject to a Lien against said property will be paid at closing. Unfortunately, certain of said assumptions are outside of the Debtor's control especially given the uncertainties in today's economy related to the COVID-19 pandemic. For example, on March 15, 2020, the Debtor received a conditional loan approval from Velocity Commercial Capital, LLC for the refinance of the real estate located at 10613 Sherwin Place, Glen Allen, Virginia 23059. However, shortly thereafter the Debtor learned that Velocity Commercial Capital, LLC had temporarily suspended loan originations for their investment property mortgage programs, and as late as June 2, 2020, the website continued to indicate the same.

**You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections.**

 **Article 1: Summary**

This Plan under Chapter 11 of the Bankruptcy Code proposes to pay the Debtor's Creditors through (a) income generated by the operation of the Debtor's business for three years from the Initial Distribution Date, (b) loans from Ms. Jevette Smith and/or Zuriel and/or (c) a refinance of the Sherwin Property.

This Plan provides for:      1 Class of priority Claims;

                                4 Classes of Secured Claims;

                                1 Class of General Unsecured Claims; and

Debtor  **Gemini Realty LLC**
Name                                                    Case number  **20-31408**

1 Class of Equity Interest holders.

Secured Claims will be paid (a) pursuant to the terms of Pre-Petition Loan Documents, (b) in full on or before 120 days from the Effective Date, (c) payment in full in pro-rata payments on each Distribution Date beginning on the Initial Distribution Date, paid pro-rata of the Distribution Amount to all Holders of Allowed Secured Claims other than Mr. Cooper, (d) surrender of the respective Collateral, and/or (e) as otherwise agreed by the Debtor and the holder of the Secured Claim. This Plan also provides for the payment of Administrative and Priority Claims in full based on known Claims. Non-priority General Unsecured Creditors holding Allowed Claims will receive Distributions, which the Debtor has valued at approximately 100 cents on the dollar based on known Claims. The complete universe of Claims is unknown because the Claims Bar Date has not passed, which date is July 13, 2020, with respect to Claims of Non-Governmental Units and which date is September 8, 2020, with respect to Claims of Governmental Units.

All Creditors and Equity Security Holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their Claim.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney if you have one. (If you do not have an attorney, you may wish to consult one.)**

### Article 2: Classification of Claims and Interests

| | | |
|---|---|---|
| 2.01 | **Class 1** | The Secured Claim of Mr. Cooper, to the extent Allowed as a Secured Claim under § 506 of the Code. |
| 2.02 | **Class 2** | The Secured Claim of Prasad Associates to the extent Allowed as a Secured Claim under § 506 of the Code. |
| 2.03 | **Class 3** | The Secured Real Property Claims against the Reagan Property other than Mr. Cooper, to the extent Allowed as Secured Claims under § 506 of the Code. |
| 2.04 | **Class 4** | The Secured Real Property Claims against the Sherwin Property other than Prasad Associates, to the extent Allowed as Secured Claims under § 506 of the Code. |
| 2.05 | **Class 5** | All Allowed Claims entitled to priority under § 507(a) of the Code (except Administrative Expense Claims under § 507(a)(2), and Priority Tax Claims under § 507(a)(8)). |

Debtor **Gemini Realty LLC**
Name

Case number **20-31408**

| 2.06 | **Class 6** | All non-priority General Unsecured Claims allowed under § 502 of the Code. |
|---|---|---|
| 2.07 | **Class 7** | Equity Interests of the Debtor. |

## Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees

| 3.01 | **Unclassified Claims** | Pursuant to § 1123(a)(1), Administrative Expense Claims, and Priority Tax Claims are not in Classes. |
|---|---|---|
| 3.02 | **Administrative Claims and Fee Claims** | Provided that (a) proof/request of Administrative Expense Claim has been filed on or before the Administrative Claims Bar Date and (b) an Administrative Claim has not been paid prior to the Effective Date, on, or as soon as reasonably practicable after the Distribution Date immediately following the date an Administrative Claim becomes an Allowed Administrative Claim, a Holder of an Allowed Administrative Claim shall receive, in full and final satisfaction, settlement and release of and in exchange for such Allowed Administrative Claim, (i) Cash equal to the unpaid portion of such Allowed Administrative Claim or (ii) such other treatment as to which such Holder and the Debtor shall have agreed upon in writing; provided, however, that Allowed Administrative Claims with respect to liabilities incurred by the Debtor in the ordinary course of business during the Chapter 11 Case may be paid in the ordinary course of business in accordance with the terms and conditions of any agreements relating thereto by the Debtor. Holders of Administrative Claims will be paid in full on account of their Claims and are not entitled to vote on this Plan.

Persons seeking an award by the Bankruptcy Court of a Fee Claim incurred through and including the Effective Date shall, unless otherwise ordered by the Bankruptcy Court: (i) file their respective final applications for allowance of compensation for services rendered and reimbursement of expenses incurred by the date that is no later than thirty (30) days after the Effective Date; and (ii) except as otherwise provided in the Plan, be paid in full in such amounts as are approved by the Bankruptcy Court upon the later of (a) the date upon which the Order relating to any such Fee Claim is entered or (b) upon such other terms as may be mutually agreed upon between the Holder of such Fee Claim and the Debtor. |

Debtor  **Gemini Realty LLC**                                            Case number  **20-31408**
        Name

| 3.03 | **Priority Tax Claims** | Allowed Priority Tax Claims shall be paid in full in the amount of Allowed Priority Tax Claims in not less than yearly payments on each Distribution Date beginning on the Initial Distribution Date within five (5) years from the Petition Date and in a manner not less favorable than payments to Holders in Class 6. |
|---|---|---|
| 3.04 | **Statutory Fees** | Any fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the Effective Date of this Plan have been paid or will be paid on the Effective Date. The Debtor is aware of no said amount due and owing given 28 U.S.C. 1930(a)(6)(A) specifically excludes payments for cases under Subchapter V of the Bankruptcy Code. |

## ▌ Article 4: Treatment of Claims and Interests Under the Plan

**4.01   Claims and Equity Interests shall be treated as follows under this Plan:**

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - **Secured Claim of Mr. Cooper** | ☐ Impaired<br>☒ Unimpaired | Class 1 consists of the outstanding balance as of the Confirmation Date of the Allowed Secured Claim of Mr. Cooper. The same will be paid pursuant to the terms of the Pre-Petition Loan Documents, as may be modified by Mr. Cooper, between Mr. Cooper and the Debtor. |
| Class 2 – **Secured Claim of Prasad Associates** | ☒ Impaired<br>☐ Unimpaired | Class 2 consists of the outstanding balance as of the Confirmation Date of the Allowed Secured Claim of Prasad Associates. The same will be satisfied in full with (a) the Prasad Associates Payment on or before 120 days of the Effective Date and (b) the Prasad Associates Release. Within seven (7) days after the Effective Date, the Debtor shall tender the Prasad Associates Pocket Deed to counsel for Prasad Associates, who shall hold the same in escrow subject to the terms of this Plan. The Pre-Petition Loan Documents of Prasad Associates shall remain in full force and effect except as modified herein until payment of the Prasad Associates Payment or as otherwise mutually agreed by Prasad Associates and the Debtor/Reorganized Debtor. Upon receipt of the |

Debtor   **Gemini Realty LLC**
Name

Case number   **20-31408**

|  |  |  |
|---|---|---|
| | | Prasad Associates Payment, (1) all of the Pre-Petition Loan Documents of Prasad Associates shall be marked "satisfied" and/or "released," and thereafter permanently destroyed, and (2) the Prasad Associates Pocket Deed shall immediately be destroyed. To the extent the Prasad Associates Pocket Deed is ever recorded before the time provided herein and/or after payment of the Prasad Associates Payment, the same shall be deemed void and in contravention of the Confirmation Order. |
| Class 3 – **Secured Real Property Claims Against the Reagan Property Other Than Mr. Cooper** | ☒ Impaired<br><br>☐ Unimpaired | Class 3 consists of the outstanding balance as of the Confirmation Date of all Allowed Secured Claims against the Reagan Property other than Claims of Mr. Cooper. The same will be satisfied by (a) payment in full in pro-rata payments on each Distribution Date beginning on the Initial Distribution Date, paid pro-rata of the Distribution Amount to all Holders of Allowed Secured Claims other than Mr. Cooper, (b) surrender of the Collateral, and/or (c) as otherwise agreed by the Holder of said Claim. Claimants in this Class shall retain their Liens against the assets of the Debtor/Reorganized Debtor in the same extent and validity as they maintained before the Petition Date against the Debtor. |
| Class 4 – **Secured Real Property Claims Against the Sherwin Property Other Than Prasad Associates** | ☒ Impaired<br><br>☐ Unimpaired | Class 4 consists of the outstanding balance as of the Confirmation Date of all Allowed Secured Claims other than the Claims of Prasad Associates against the Sherwin Property. The same will be satisfied by (a) payment in full in pro-rata payments on each Distribution Date beginning on the Initial Distribution Date, paid pro-rata of the Distribution Amount to all Holders of Allowed Secured Claims; (b) paid in full on or before 120 days of the Effective Date; (c) surrender of the Collateral, and/or (d) as otherwise agreed by the Holder of said Claim. Claimants in this Class shall retain their Liens against the assets of the Debtor/Reorganized Debtor in the same extent and validity as they maintained before the Petition Date against the Debtor. |

Debtor   **Gemini Realty LLC**
Name

Case number   **20-31408**

| Class 5 – **Priority Claims Excluding Those in Article 3** | ☒ Impaired<br>☐ Unimpaired | Class 5 consists of the outstanding balance as of the Confirmation Date of the Allowed Priority Claims, which Allowed Priority Claims shall be paid in full in the amount of Allowed Priority Claims in not less than yearly payments on each Distribution Date beginning on the Initial Distribution Date within five (5) years from the Petition Date and in a manner not less favorable than payments to Holders in Class 6. |
| --- | --- | --- |
| Class 6 – **Non-Priority General Unsecured Creditors** | ☒ Impaired<br>☐ Unimpaired | Except to the extent that the Holder of a Claim in Class 6 agrees to less favorable treatment, each Holder not otherwise treated in another Class, shall receive its pro-rata share of the Distribution Amount from the Debtor on each Distribution Date, commencing after complete satisfaction of all Allowed Claims in other Classes, Allowed Fee Claims and/or Allowed Administrative Claims until (a) such Allowed Unsecured Claims have been paid in full or (b) the third Distribution Date. The obligations of the Debtor with respect to Claims in Class 6 shall not be secured. |
| Class 7 - **Equity Security Holders of the Debtor** | ☐ Impaired<br>☒ Unimpaired | The Holder of the Reorganized Debtor's Equity Interests shall be Ms. Smith. |

## Article 5: Allowance and Disallowance of Claims

5.01   **Disputed Claim**

A *Disputed Claim* is a Claim that has not been allowed or disallowed by a final non-appealable order, and as to which either:

(i) a Proof of Claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or

(ii) no Proof of Claim has been filed, and the Debtor has scheduled such Claim as disputed, contingent, or unliquidated.

7

| Debtor | Gemini Realty LLC | Case number | 20-31408 |
|---|---|---|---|
| | Name | | |

| 5.02 | **Delay of Distribution on a Disputed Claim** | No distribution will be made on account of a Disputed Claim unless such claim is allowed by a Final Order. |
|---|---|---|
| 5.03 | **Settlement of Disputed Claims** | The Debtor will have the power and authority to settle and compromise a Disputed Claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure. |

### Article 6: Provisions for Executory Contracts and Unexpired Leases

| 6.01 | **Assumed Executory Contracts and Unexpired Leases** | (a) The Debtor assumes, and if applicable assigns to the Reorganized Debtor, the following executory contracts, and unexpired leases as of the Effective Date: |
|---|---|---|
| | | T-Mobile; Traveler's/Geico Insurance Company, Inc.; lease/agreement with Zuriel; any and all building permits and/or certificates of occupancy and related instruments and any and all licenses obtained from the Virginia Department of Behavioral Health and Developmental Services and/or similar entities.[3] |
| | | (b) Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the Effective Date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the Effective Date. |
| | | A Proof of Claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 30 days after entry of the Confirmation Order. |

### Article 7: Means for Implementation of the Plan

| 7.01 | **Plan Payments/ Vesting of Property** | Payments under the Plan will be made with (a) the Debtor's Disposable Income for three years from the Initial Distribution, (b) loans from Ms. Smith and/or Zuriel and/or (c) a refinance of the Sherwin Property. For the avoidance of doubt, the |
|---|---|---|

---

[3] The Debtor does not concede that all said instruments are executory contracts, but the same are included out of an abundance of caution.

Debtor  **Gemini Realty LLC**
Name                                                        Case number  **20-31408**

Debtor/Reorganized Debtor shall be authorized to refinance the Sherwin Property as a means of implementing this Plan. To the extent any loans are obtained from Ms. Smith and/or Zuriel, the Reorganized Debtor shall be authorized to repay said amounts when sufficient funds exist to cover said advances and other operating expenses. On the Effective Date, all Estate property shall revest in the Reorganized Debtor, subject to the Liens of Mr. Cooper, Prasad Associates, the City of Richmond DPU, Henrico County, and Magnolia Ridge expressly created/preserved by this Plan, but otherwise free and clear of all other liens, claims, interests, and encumbrances.

| | | |
|---|---|---|
| 7.02 | **Exemption from Transfer and Recordation Taxes** | Pursuant to Bankruptcy Code § 1146(a), any transfers from any Debtor and/or the Reorganized Debtor to any Entity, pursuant to this Plan in the United States shall not be subject to any stamp tax or similar tax, and the Confirmation Order shall direct the appropriate state or local governmental officials or agents to forgo the collection of any such tax or governmental assessment and to accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment. |
| 7.03 | **Effectuating Documents and Further Transactions** | The Debtor and/or Reorganized Debtor shall be authorized to execute, deliver, file or record such stipulations, contracts, instruments, releases and other agreements or documents and take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of this Plan. In addition, the Debtor, upon the Confirmation Order becoming a Final Order, may without further notice or order rent and/or otherwise lease to one or more entities the Reagan Property and/or the Sherwin Property. Furthermore, pursuant to § 1142(b) of the Bankruptcy Code, any necessary party and/or parties will be directed by the Court to execute or deliver or to join in the execution or delivery of any instrument required to effect a transfer of property dealt with by this Plan, and to perform any other act, including the satisfaction of any lien, that is necessary for the consummation of the Plan. |
| 7.04 | **Releases of Record** | Upon the request of the Debtor and/or Reorganized Debtor, any Entity (1) that is entitled to receive any distribution under this Plan and/or (2) whose Lien (or purported lien) is extinguished or modified pursuant to this Plan, shall execute and deliver such documents and instruments as are necessary to release or modify of record any Lien, to the extent such Lien is extinguished or modified pursuant to this Plan. Notwithstanding any provision |

Debtor   **Gemini Realty LLC**                                    Case number   **20-31408**
         Name

|   |   | in this Plan, the Debtor and/or Reorganized Debtor shall not be required to make any Distribution, or deliver any document or instrument, to such Entity, unless and until such Entity has complied with this obligation. To the extent such entity fails to take such action forthwith upon the Effective Date, the Reorganized Debtor is authorized to take such action. The obligations set forth in this paragraph shall not be waived by any action or inaction of the Debtor and/or Reorganized Debtor, including without limitation commencement of Distributions to the affected Entity. |
| 7.05 | **Causes of Action and Avoidance Actions** | Except as expressly set forth in this subsection and/or the Prasad Associates Release, all Causes of Action of the Debtor shall be preserved. Avoidance Actions under § 547 of the Bankruptcy Code shall be released on the Effective Date. |
| 7.06 | **Preservation of Priority** | Notwithstanding the occurrence of the Effective Date, all Allowed Claims, including without limitations Allowed Administrative Claims, shall retain their respective priority under the Bankruptcy Code and applicable non-bankruptcy law. |
| 7.07 | **Employment of Insiders** | The Debtor and/or Reorganized Debtor may employ Insiders including but not limited to Ms. Smith. Compensation paid to an Insider shall be at or below fair market value if said Insider is Ms. Smith. |
| 7.08 | **Officers and Directors** | The officers and directors of the Reorganized Debtor shall be Ms. Smith and others as disclosed on or before the Confirmation Hearing. |
| 7.09 | **Bar Date** | Any Claim in existence as of the Petition Date that is not scheduled by the Debtor, or that is scheduled as contingent, unliquidated or disputed, or that varies in amount, nature or priority from that stated in the Debtor's Schedules, must have been asserted, if at all, by the filing of a Proof of Claim with the Bankruptcy Court. Such Proof of Claim must have been filed with the Bankruptcy Court no later than the Claims Bar Date. **Absent further order of the Bankruptcy Court, the failure to file a Proof of Claim by the Claims Bar Date shall constitute a bar against the assertion or collection of any such Claim, and shall relieve the Debtor from any liability, responsibility, or obligation with respect to such Claim. Without limiting the generality of the foregoing, no distribution shall be made pursuant to this Plan with respect to any Claim that is not filed by the Claims Bar Date. The Debtor shall not be** |

Debtor  **Gemini Realty LLC**
    Name                                                                 Case number  **20-31408**

| | | |
|---|---|---|
| | | **required to file any objection in order to confirm or determine the disallowance of any late-filed Proof of Claim.** |
| 7.10 | | Delivery of Distributions and Undeliverable or Unclaimed Distributions Assuming a Consensual Plan[4] |
| 7.10.a | **Delivery of Distributions in General** | Distributions to Holders of Allowed Claims shall be made by the Debtor (a) at the addresses set forth on the Proofs of Claim filed by such Holders, (b) at the addresses set forth in any written notices of address changes delivered to the Debtor after the date of any related Proof of Claim, (c) at the addresses reflected in the Schedules if no Proof of Claim has been filed and the Debtor has not received a written notice of a change of address, (d) at the addresses set forth in the other records of the Debtor at the time of the Distribution or (e) in the case of the Holder of a Claim that is governed by an agreement and is administered by an agent or servicer, at the addresses contained in the official records of such agent or servicer. Distributions shall be made in accordance with the terms of this Plan. In making Distributions under this Plan, the Debtor may rely upon the accuracy of the claims register maintained in the Chapter 11 Case, as modified by any Final Order of the Bankruptcy Court allowing or disallowing Claims in whole or in part. |
| 7.10.b | **Undeliverable and Unclaimed Distributions** | If the Distribution to any Holder of an Allowed Claim is made in accordance with this Plan and is returned to the Debtor as undeliverable or is otherwise unclaimed within sixty (60) days following such Distribution, such Distribution may be cancelled and the Debtor and/or Reorganized Debtor shall be relieved of any and all obligations to make further Distributions to such Holder. Any Holder of an Allowed Claim that does not timely negotiate any payment made pursuant to this Plan shall be deemed to have forfeited its Claim and shall be forever barred and enjoined from asserting any such Claim for an undeliverable or unclaimed Distribution against the Debtor and its Estate, and its agents, attorneys, representatives, employees or independent contractors, and/or any of its property. In such cases, any Cash otherwise reserved for undeliverable or unclaimed Distributions shall become property of the Debtor, free of any restrictions thereon, and notwithstanding any federal or state escheat laws to the contrary. Nothing contained in this Plan shall require the |

---

[4] To the extent Confirmation occurs pursuant to § 1191(b) of the Bankruptcy Code, Distributions as provided above shall be made by the SubChapter V Trustee from Estate property as provided in § 1191(b).

Debtor  **Gemini Realty LLC**
Name

Case number  **20-31408**

| | | |
|---|---|---|
| | | Debtor to attempt to locate any Holder of an Allowed Claim; provided, however, that in its sole discretion, the Debtor may take such other action as the Debtor deems appropriate to locate Holders of Allowed Claims. |
| 7.11 | **Prepayment** | Except as otherwise expressly provided in this Plan or the Confirmation Order, the Debtor and/or Reorganized Debtor shall have the right to prepay, without penalty, all, or any portion of an Allowed Claim, at any time. |
| 7.12 | **Means of Cash Payment Assuming a Consensual Plan[5]** | Cash payments made pursuant to this Plan shall be in U.S. dollars and shall be made on, and after the Effective Date, at the option and in the sole discretion of the Debtor and/or the Reorganized Debtor by (i) checks drawn on or (ii) wire transfers from a domestic bank selected by the Debtor. In the case of foreign creditors, Cash payments may be made, at the option of the Debtor and/or Reorganized Debtor, in such funds and by such means as are necessary or customary in a particular jurisdiction. |
| 7.13 | **Interest on Claims** | Unless otherwise specifically provided for in this Plan or the Confirmation Order, post-petition interest shall not accrue or be paid on any Claim, and no Holder of an Allowed Claim shall be entitled to interest accruing on or after the Petition Date on any Claim. Unless otherwise specifically provided for in this Plan or the Confirmation Order or the interest shall not accrue or be paid upon any Disputed Claim in respect of the period from the Petition Date to the date a final Distribution is made thereon if and after such Disputed Claim becomes an Allowed Claim. |
| 7.14 | **Withholding and Reporting Requirements** | In connection with the Plan and all Distributions under this Plan, the Debtor and/or the Reorganized Debtor shall, to the extent applicable, comply with all tax withholding, payment, and reporting requirements imposed by any federal, state, provincial, local, or foreign taxing authority, and all Distributions under this Plan shall be subject to any such withholding, payment, and reporting requirements. The Debtor shall be authorized to take any and all actions that may be necessary or appropriate to comply with such withholding, payment, and reporting requirements. All amounts properly withheld from Distributions to a Holder as required by applicable law and paid over to the |

---

[5] To the extent Confirmation occurs pursuant to § 1191(b) of the Bankruptcy Code, Distributions as provided above shall be made by the SubChapter V Trustee from Estate property as provided in § 1191(b).

Debtor   **Gemini Realty LLC**                                    Case number   **20-31408**
_____
Name

applicable taxing authority for the account of such Holder shall be treated as part of the Distributions to such Holder. All Entities holding Claims shall be required to provide any information necessary to effect information reporting and withholding of such taxes. For example, with respect to any employee-related withholding, if the Debtor is obligated by law to withhold amounts from Distributions to a present or former employee to satisfy such present or former employee's tax and other payroll obligations, the Debtor may withhold a portion of the Distributions allocated to the Holder of an Allowed Claim that is a present or former employee, whether or not such Distributions are in the form of Cash, in such amount as is determined necessary to satisfy such Holder's tax and other payroll obligations with respect to the Distributions. Notwithstanding the foregoing or any other provision of this Plan, (a) each Holder of an Allowed Claim that is to receive a Distribution pursuant to this Plan shall have sole and exclusive responsibility for the satisfaction and payment of any tax obligations imposed by any governmental unit, including income, withholding, and other tax obligations, on account of such Distribution, and (b) no Distribution shall be made to or on behalf of such Holder pursuant to this Plan unless and until such Holder has made arrangements satisfactory to the Debtor for the payment and satisfaction of such withholding tax obligations or such tax obligation that would be imposed upon the Debtor in connection with such Distribution. Any property to be distributed pursuant to this Plan shall, pending the implementation of such arrangements, be treated as an undeliverable Distribution pursuant to Section 7.10 of the Plan.

| | | |
|---|---|---|
| 7.15 | **Setoffs** | Except as otherwise provided in this Plan, the Debtor and/or the Reorganized Debtor may, pursuant to Bankruptcy Code §§ 553, 558, or applicable nonbankruptcy laws, but shall not be required to, set off against any Claim, and the payments or other Distributions to be made pursuant to this Plan in respect of such Claim, Claims of any nature whatsoever that the Debtor may have against the Holder of such Claim; provided, however, that neither the failure to do so nor the allowance of any Claim hereunder shall constitute a waiver or release by the Debtor of any such Claim that the Debtor may have against such Holder. |
| 7.15.a | **By Non-Debtors** | Unless otherwise stipulated in writing by the Debtor and/or Reorganized Debtor, or asserted pursuant to a timely filed Proof of Claim or as expressly provided for by the terms of the |

Debtor  **Gemini Realty LLC**                                    Case number  **20-31408**
              Name

| | | agreement underlying any timely filed Proof of Claim, any party against whom a claim or counterclaim is asserted by the Estate (an "**Estate Claim**") must assert or must have asserted any setoff rights, right of subrogation, or recoupment of any kind against such Estate Claim at the time it answers such Estate Claim, or such right of setoff, subrogation or recoupment will be deemed waived and forever barred. |
| 7.16 | | Procedure for Treating and Resolving Disputed, Contingent, and/or Unliquidated Claims |
| 7.16.a | **No Distributions on Disputed Claims** | Notwithstanding any other provision of this Plan, no payments or Distributions shall be made with respect to all or any portion of a Disputed Claim unless and until all objections to such Disputed Claim have been settled or withdrawn or have been determined by Final Order, and the Disputed Claim, or some portion thereof, has become an Allowed Claim; provided, however, that if the only dispute regarding a Disputed Claim is to the amount of the Disputed Claim, the Holder of a Disputed Claim shall be entitled to a Distribution on account of that portion of the Disputed Claim which the Debtor does not dispute at the time and in the manner that the Debtor makes Distributions to Holders of Allowed Claims pursuant to the provisions of this Plan. |
| 7.16.b | **Distributions on Allowed Claims** | Payments and Distributions to each respective Claimholder on account of a Disputed Claim, to the extent that it ultimately becomes an Allowed Claim, shall be made in accordance with provisions of this Plan that govern Distributions to such Holders. Except as otherwise provided in this Plan, on the earlier of (a) the Distribution Date following the date when a Disputed Claim becomes an Allowed Claim or (b) ninety (90) days after such Disputed Claim becomes an Allowed Claim, the Debtor will distribute to the Holder any Cash from that would have been distributed on the dates Distributions were previously made to Holders had such Allowed Claim been an Allowed Claim on such dates. All Distributions made under this Article of this Plan on account of an Allowed Claim will be made together with any dividends, payments, or other Distributions made on account of, as well as any obligations arising from, the distributed property as if such Allowed Claim had been an Allowed Claim on the dates Distributions were previously made to Holders of Allowed Claims included in the applicable Class. |
| 7.16.c | **De Minimis** | Except as otherwise expressly provided in this Plan, the Debtor |

Debtor   **Gemini Realty LLC**          Case number   **20-31408**
         Name

| | **Distributions** | shall not have any obligation to make a Distribution on account of an Allowed Claim if the amount to be distributed to the specific Holder of the Allowed Claim does not constitute a final Distribution to such Holder and such Distribution has a value less than $10.00. |
|---|---|---|
| 7.17 | **Fractional Dollars** | Any other provision of this Plan notwithstanding, the Debtor shall not be required to make Distributions or payments of fractions of dollars. Whenever any payment of a fraction of a dollar under this Plan would otherwise be called for, the actual payment shall reflect a rounding of such fraction to the nearest whole dollar (up or down), with half dollars being rounded down. |
| 7.18 | **Distribution Record Date** | The Debtor will have no obligation to recognize the transfer of or sale of any Claim or any participation in any Claim, that occurs after the Confirmation Date, and will be entitled for all purposes herein to recognize, deal with and distribute only to those Holders of Allowed Claims who are record Holders of such Claims, or participants therein, as of the close of business on the Confirmation Date, as stated on the official claims register. |

## █ Article 8: General Provision

| | | The definitions and rules of construction set forth in §§ 101, 1182, and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: |
|---|---|---|
| 8.01 | **Definitions and Rules of Construction** | 1.1.*Administrative Claim and/or Administrative Expense Claim* mean a Claim, other than a Fee Claim for costs and expenses of administration of this Chapter 11 Case under Bankruptcy Code §§ 503(b), 507(b), or 1114(e)(2), and entitled to priority under Bankruptcy Code § 507(a)(2), including: (a) any actual and necessary costs and expenses, incurred after the Petition Date, of preserving the Estate and operating the business of the Debtor; and (b) all other claims entitled to administrative claim status pursuant to a Final Order of the Bankruptcy Court. |
| | | 1.2.*Administrative Claims Bar Date* means the first Business Day |

that is thirty (30) days following the Effective Date.

1.3. ***Allowed Claim*** means a Claim or any portion thereof (a) that has been allowed by a Final Order of the Bankruptcy Court, (b) that either (x) has been Scheduled as a liquidated, non-contingent, and undisputed Claim in an amount greater than zero on the Schedules, or (y) is the subject of a timely filed Proof of Claim as to which either (i) no objection to its allowance has been filed (either by way of objection or amendment to the Schedules) within the periods of limitation fixed by the Bankruptcy Code or by any order of the Bankruptcy Court or (ii) any objection to its allowance has been settled, waived through payment, or withdrawn, or has been denied by a Final Order, or (c) that is expressly allowed in a liquidated amount in this Plan; provided, however, that with respect to an Administrative Claim, "Allowed Claim" means an Administrative Claim as to which a timely written request for payment has been made in accordance with applicable bar dates for such requests set by the Bankruptcy Court (if such written request is required) in each case as to which the Debtor, or any other party in interest (x) has not interposed a timely objection or (y) has interposed a timely objection and such objection has been settled, waived through payment, or withdrawn, or has been denied by a Final Order; provided, further, however, that for purposes of determining the status (i.e., Allowed or Disputed) of a particular Claim prior to the expiration of the period as may be fixed for filing objections to the allowance or disallowance of Claims, any such Claim which has not been previously allowed or disallowed by a Final Order of the Bankruptcy Court or this Plan shall be deemed a Disputed Claim unless such Claim is specifically identified by the Debtor as being an Allowed Claim.

1.8. ***Assets*** means all tangible and intangible assets of every kind and nature of the Debtor and its Estate, and all proceeds thereof, existing as of the Effective Date.

1.9. ***Avoidance Actions*** means Causes of Action arising under Bankruptcy Code §§ 510, 541, 542, 544, 545, 547 through 551 and/or 553, or under related state or federal statutes and common law, including, without limitation, fraudulent transfer laws, whether or not litigation is commenced to prosecute such Causes of Action.

1.10.   ***Ballot*** means each of the ballot forms distributed to each Holder of a Claim or Interest entitled to vote to accept or reject

Debtor  **Gemini Realty LLC**
_____   Case number  **20-31408**
_____
Name

this Plan.

1.11.   ***Bankruptcy Case*** means the case under Chapter 11 of the Bankruptcy Code commenced by the Debtor in the Bankruptcy Court and referenced as Chapter 11 case number 20-31408.

1.12.   ***Bankruptcy Code and/or Code*** means Title 11 of the United States Code, as now in effect or hereafter amended and as applicable to the Chapter 11 Case.

1.13.   ***Bankruptcy Court and/or Court*** means the United States Bankruptcy Court for the Eastern District of Virginia, or any other court with jurisdiction over the Chapter 11 Case.

1.14.   ***Bankruptcy Rules*** means, collectively, the Federal Rules of Bankruptcy Procedure and the Official Bankruptcy Forms, as amended, the Federal Rules of Civil Procedure, as amended, and as applicable to this Chapter 11 Case or proceedings therein, as the case may be, and the Local Rules, as now in effect or hereafter amended.

1.15.   ***Business Day*** means any day, other than a Saturday, Sunday, or Legal Holiday (as defined in Bankruptcy Rule 9006(a)).

1.16.   ***Cash*** means legal tender of the United States of America and equivalents thereof, which may be conveyed by check or wire transfer.

1.17.   ***Capital Expenditure Reserve*** means an amount not greater than $15,000.00.

1.18.   ***City of Richmond DPU*** means the City of Richmond Department of Public Utilities.

1.19.   ***Claim*** means as set forth in Bankruptcy Code § 101(5).

1.20.   ***Claims Bar Date*** means the bar date for filing Proofs of Claim for Claims arising prior to the Petition Date against the Debtor, which date is July 13, 2020, with respect to Claims of Non-Governmental Units and which date is September 8, 2020, with respect to Claims of Governmental Units.

1.21.   ***Class*** means a category of Holders of Claims or Interests, as described in Article 2 hereof.

1.22.   ***Collateral*** means any property or interest in property of the Debtor's Estate subject to a Lien to secure the payment or

Debtor  **Gemini Realty LLC**                                Case number  **20-31408**
  Name

performance of a Claim.

1.23.  ***Confirmation*** means entry by the Bankruptcy Court of the Confirmation Order.

1.24.  ***Confirmation Date*** means the last date on which the Clerk of the Bankruptcy Court enters the Confirmation Order on the Bankruptcy Court docket in this Chapter 11 Case.

1.25.  ***Confirmation Hearing*** means the hearing held by the Bankruptcy Court to consider Confirmation of this Plan as such hearing may be adjourned or continued from time to time.

1.26.  ***Confirmation Order*** means the order entered by the Bankruptcy Court Confirming this Plan under Bankruptcy Code §§ 1129 and 1191 in the Chapter 11 Case.

1.27.  ***Consummation or Consummate*** means the occurrence of, or to achieve, the Effective Date.

1.28.  ***Contingent*** means, with reference to a Claim, a Claim that has not accrued or is not otherwise payable and the accrual of which, or the obligation to make payment on which, is dependent upon a future event that may or may not occur.

1.29.  ***Creditor*** means any Entity that holds a Claim against the Debtor.

1.30.  ***Debtor*** means Gemini Realty, LLC.

1.31.  ***Disallowed*** means, with respect to a Claim, or any portion thereof, that such Claim (a) has been disallowed by a Final Order, (b) is Scheduled at zero or as contingent, disputed or unliquidated and as to which no Proof of Claim has been filed by the applicable Claims Bar Date or deemed timely filed pursuant to either the Bankruptcy Code or any Final Order or under applicable law, or (c) is not Scheduled, and as to which (i) no Proof of Claim has been filed by the applicable Claims Bar Date or deemed timely filed pursuant to either the Bankruptcy Code or any Final Order or under applicable law, or (ii) no request for payment of an Administrative Claim has been filed by the Administrative Claims Bar Date, as appropriate, or deemed timely filed pursuant to either the Bankruptcy Code or any Final Order or under applicable law.

1.32.  ***Disposable Income*** means as defined at § 1191 and as specifically applied herein - annual net income less amounts for

payment of reasonable overhead, reasonable operating costs, a tax reserve, the Operating Reserve and the Capital Expenditure Reserve.

1.33.    ***Distribution*** means any distribution pursuant to this Plan to the Holders of Allowed Claims.

1.34.    ***Distribution Amount*** means the yearly amount available for payments under the Plan for Classes 3 through 6, which is Disposable Income less amounts for payment of Allowed Fee Claims and Allowed Administrative Claims.

1.35.    ***Distribution Date*** means either the Initial Distribution Date or the date on which any subsequent yearly Distribution occurs.

1.36.    ***Effective Date*** means the Business Day this Plan becomes effective as provided in Article 8.02 hereof.

1.37.    ***Entity*** has the meaning set forth in Bankruptcy Code § 101(15).

1.38.    ***Estate*** means the estate of the Debtor created under Bankruptcy Code § 541 as modified in § 1186.

1.39.    ***Exhibit*** means an exhibit annexed to this Plan.

1.40.    ***Fee Claim*** means a Claim of a Professional for compensation or reimbursement of costs and expenses relating to services incurred after the Petition Date and prior to and including the Effective Date including amounts owed to Tavenner & Beran and the SubChapter V Trustee.

1.41.    ***Final Decree*** means the decree contemplated under Bankruptcy Rule 3022.

1.42.    ***Final Distribution Date*** means the date on which the Debtor has completed the Distributions of Distribution Amounts under the Plan, which date shall be within three (3) years of the Effective Date.

1.43.    ***Final Fee Applications*** means the final requests for payment of Fee Claims.

1.44.    ***Final Order*** means an order or judgment of the Bankruptcy Court, or other court of competent jurisdiction, as entered on the docket in the Chapter 11 Case, the operation or effect of which has not been stayed, reversed, or amended and as to which order or judgment (or any revision, modification, or amendment

thereof) the time to appeal pursuant to Bankruptcy Rule 8002 or seek review or rehearing pursuant to Bankruptcy Rule 9023 has expired and as to which no appeal or petition for review or rehearing was filed or, if filed, remains pending.

1.45.   ***General Unsecured Claim*** means a Claim that is not an Administrative Claim, a Secured Claim, a Priority Tax Claim, or a Non-Tax Priority Claim.

1.46.   ***Governmental Unit*** has the meaning set forth in Bankruptcy Code § 101(27).

1.47.   ***Henrico County*** means the County of Henrico Department of Finance.

1.48.   ***Holder*** means an Entity holding a Claim or Interest.

1.49.   ***Impaired*** means, when used in reference to a Claim, Interest, or Class, a Claim, Interest, or Class that is impaired within the meaning of Bankruptcy Code § 1124 of the Bankruptcy Code.

1.50.   ***Initial Distribution Date*** means the Effective Date or as soon thereafter as may be reasonably practicable, but in any event no later than the fifth (5th) Business Day following the Effective Date.

1.51.   ***Insider*** means as set forth in the Bankruptcy Code § 101(31).

1.52.   ***Interests and/or Equity Interests*** mean the legal, equitable, contractual, and other rights of any Entity with respect to any capital stock, membership interest or other ownership interest in the Debtor and/or Reorganized Debtor, whether or not transferable, and all options, warrants, call rights, puts, awards, or rights or agreements to purchase, sell, or subscribe for an ownership interest or other equity security in the Debtor and/or Reorganized Debtor.

1.53.   ***Local Rules*** means the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Eastern District of Virginia as now in effect a hereafter amended.

1.54.   ***Mr. Cooper*** means Nationstar Mortgage LLC, d/b/a Mr. Cooper.

1.55.   ***Ms. Smith*** means Jevette Smith.

1.56.   ***Non-Tax Priority Claim*** means a Claim, other than a Priority Tax Claim, which is entitled to priority in payment pursuant to

Debtor   **Gemini Realty LLC**                                Case number   **20-31408**
         Name

Bankruptcy Code § 507(a).

1.57.   ***Operating Reserve*** means a cash reserve of not greater than $5,000.00.

1.58.   ***Petition Date*** means March 12, 2020.

1.59.   ***Prasad Associates*** means Prasad Associates, Inc.

1.60.   ***Prasad Associates Payment*** means a payment of $255,000.00 within 120 days of the Effective Date in full satisfaction of any and all claims of Prasad Associates.

1.61.   ***Prasad Associates Pocket Deed*** means a deed conveying the real property located at 10613 Sherwin Place, Glen Allen, Virginia 23059 to Prasad Associates.

1.62.   ***Prasad Associates Release*** means a release of any and all claims that the Debtor has or may have against Prasad Associates and any current or former director, officer, agent, representative, attorney, accountant, financial advisor or other professional of Prasad Associates, but only in such party's capacity as such.

1.63.   ***Pre-Petition*** means any time before the Petition Date.

1.64.   ***Pre-Petition Loan Documents*** means any and all documents signed by the Debtor in connection with the granting of a deed a trust on real property.

1.65.   ***Professional*** means any professional employed in the Chapter 11 Case pursuant to §§ 327, 328, or 1103 of the Bankruptcy Code, and/or the SubChapter V Trustee.

1.66.   ***Proof of Claim*** means any document filed pursuant to Bankruptcy Code § 501(a).

1.67.   ***Prime Rate*** means the rate of interest published in the Wall Street Journal from time to time as its U.S. or United States prime or base rate.

1.68.   ***Priority Tax Claims*** means a Claim that is entitled to priority under Bankruptcy Code § 507(a)(8).

1.69.   ***Reagan Property*** means real property located at 1902 Reagan Road, Henrico, Virginia 23231.

1.70.   ***Released Party*** means the Debtor and any current or former director, officer, agent, representative, attorney, accountant,

financial advisor or other professional of the Debtor, but only in such party's capacity as such, and only if, in each case, such party served in such capacity on or after the Petition Date and the SubChapter V Trustee.

1.71.    ***Reorganized Debtor*** means the Debtor after the Effective Date.

1.72.    ***Schedules*** means the schedules of assets and liabilities, the list of Holders of Interests, and the statements of financial affairs filed by the Debtor pursuant to Bankruptcy Code § 521 and the Bankruptcy Rules, as such schedules have been or may be further modified, amended or supplemented in accordance with Bankruptcy Rule 1009 or orders of the Bankruptcy Court.

1.73.    ***Secured Claim*** means a Claim that is secured by Collateral owned by the Debtor, subject to § 506(a) of the Bankruptcy Code.

1.74.    ***Sherwin Property*** means the real property and improvements thereon located at 10613 Sherwin Place, Glen Allen, Virginia 23059.

1.75.    ***SubChapter V Trustee*** means the trustee appointed pursuant to § 1183, and in particular, Peter J. Barrett.

1.76.    ***Tax Claim*** means all or that portion of a Claim held by a Governmental Unit for a tax assessed or assessable against the Debtor, including income and employment taxes and any related penalties or interest.

1.77.    ***Taxes*** means any and all taxes, levies, imposts, assessments, or other charges of whatever nature imposed at any time by a Governmental Unit or by any political subdivision or taxing authority thereof or therein and all interest, penalties, or similar liabilities with respect thereto.

1.78.    ***Tavenner & Beran*** means Tavenner & Beran, PLC, bankruptcy counsel to the Debtor.

1.79.    ***Unclassified Claims*** means Fee Claims and Administrative Claims.

1.80.    ***Unimpaired*** means, when used in reference to a Claim, Interest or Class, a Claim, Interest or Class that is not impaired within the meaning of Bankruptcy Code § 1124.

1.81.    ***U.S. Trustee*** means the Office of the United States Trustee

Debtor   **Gemini Realty LLC**                                    Case number   **20-31408**
         <sub>Name</sub>

for the Eastern District of Virginia.

1.82. ***Zuriel*** means Zuriel, LLC, an entity that owns and operates adult group homes, which entity is owned by the husband of Ms. Smith.

| 8.02 | **Effective Date** | The Effective Date of this Plan is the first Business Day following the date that is 14 days after the entry of the Confirmation Order. If, however, a stay of the Confirmation Order is in effect on that date, the Effective Date will be the first Business Day after the date on which the stay expires or is otherwise terminated. |
|---|---|---|
| 8.03 | **Severability** | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
| 8.04 | **Binding Effect** | The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity. |
| 8.05 | **Captions** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |
| 8.06 | **Controlling Effect** | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the Commonwealth of Virginia govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan. |
| 8.07 | **Corporate Governance** | The Reorganized Debtor will be managed by Ms. Smith. Furthermore, there shall be a (a) prohibition of the issuance of nonvoting equity securities, and (b) a mechanism providing, as to the several classes of securities possessing voting power, an appropriate distribution of such power among such classes, including, in the case of any class of equity securities having a preference over another class of equity securities with respect to dividends, adequate provisions for the election of directors representing such preferred class in the event of default in the payment of such dividends. |
| 8.08 | **Retention of Jurisdiction** | Under Bankruptcy Code §§ 105(a) and 1142, and/or notwithstanding entry of the Confirmation Order, substantial consummation of this Plan and occurrence of the Effective Date, the Bankruptcy Court shall retain jurisdiction over all matters arising out of, and related to, the Chapter 11 Case and this Plan to the fullest extent permitted by law, including, among other things, jurisdiction to: |

A.     Allow, disallow, determine, liquidate, classify,

Debtor  **Gemini Realty LLC**                                     Case number  20-31408
Name

estimate or establish the priority or secured or unsecured status of any Claim or Interest, including the resolution of any request for payment of any Administrative Claim, the resolution of any objections to the allowance or priority of Claims or Interests and the determination of requests for the payment of claims entitled to priority under Bankruptcy Code § 507(a)(1), including compensation of any reimbursement of expenses of parties entitled thereto;

B.      Hear and determine all applications for compensation and reimbursement of expenses of Professionals under this Plan or under Bankruptcy Code §§ 330, 331, 503(b), 1103, and 1129(a)(4); provided, however, that from and after the Effective Date, the payment of the fees and expenses of the retained Professionals of the Debtor shall be made in the ordinary course of business and shall not be subject to the approval of the Bankruptcy Court;

C.      Hear and determine all matters with respect to the assumption or rejection of any executory contract or unexpired lease to which a Debtor is a party or with respect to which a Debtor may be liable, and to hear, determine and, if necessary, liquidate any Claims arising therefrom;

D.      Effectuate performance of and payments under the provisions of this Plan;

E.      Hear and determine any and all adversary proceedings, motions, applications, and contested or litigated matters arising out of, under or related to the Chapter 11 Case, this Plan, or any Plan Document;

F.      Enter such orders as may be necessary or appropriate to execute, implement, or consummate the provisions of this Plan and all contracts, instruments, releases, and other agreements or documents created in connection with this Plan or the Confirmation Order;

G.      Hear and determine disputes arising in connection with the interpretation, implementation, consummation, or enforcement of this Plan, including disputes arising under agreements, documents or instruments executed in connection with this Plan;

H.      Consider any modifications of this Plan, cure any defect or omission, or reconcile any inconsistency in any order of the Bankruptcy Court, including, without limitation, the Confirmation Order;

Debtor   __Gemini Realty LLC_____     Case number __20-31408__
            Name

I.  Issue injunctions, enter and implement other orders or take such other actions as may be necessary or appropriate to restrain interference by any Entity with implementation, consummation, or enforcement of this Plan or the Confirmation Order;

J.  Enter and implement such orders as may be necessary or appropriate if the Confirmation Order is for any reason reversed, stayed, revoked, modified, or vacated;

K.  Enforce all orders, judgments, injunctions, releases, exculpations, indemnifications, and rulings entered in connection with the Chapter 11 Case;

L.  Except as otherwise limited herein, recover all Assets of the Debtor and property of the Estate, wherever located;

M.  Hear and determine matters concerning state, local, and federal taxes in accordance with Bankruptcy Code §§ 346, 505, and 1146;

N.  Hear and determine all matters related to the property of the Estate from and after the Confirmation Date;

O.  Hear and determine any Causes of Action;

P.  Hear and determine all disputes involving the existence, nature, or scope of the injunctions, indemnification, exculpation, and releases granted pursuant to this Plan;

Q.  Hear and determine all matters related to the property of the Estate from and after the Confirmation Date;

R.  Hear and determine such other matters as may be provided in the Confirmation Order or as may be authorized under, or not inconsistent with, provisions of the Bankruptcy Code;

S.  Enforce all orders previously entered by the Bankruptcy Court;

T.  Dismiss the Chapter 11 Case; and

U.  Enter a final decree closing the Chapter 11 Case.

Debtor   **Gemini Realty LLC**                                    Case number   **20-31408**
        Name

## Article 9: Discharge

If the Debtor's Plan is confirmed under § 1191(a), on the Effective Date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:

(i) imposed by this Plan; or

(ii) to the extent provided in § 1141(d)(6).

If the Debtor's Plan is confirmed under § 1191(b), confirmation of this Plan does not discharge any debt provided for in this Plan until the Court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:

(i) on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192;

or

(ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

## Article 10: Other Provisions

| | | |
|---|---|---|
| 10.01 | Injunction | EXCEPT AS OTHERWISE PROVIDED IN THIS PLAN, THE CONFIRMATION ORDER SHALL PROVIDE, AMONG OTHER THINGS, THAT FROM AND AFTER THE EFFECTIVE DATE ALL ENTITIES WHO HAVE HELD, HOLD, OR MAY HOLD AS OF THE EFFECTIVE DATE CLAIMS AGAINST OR INTERESTS IN THE DEBTOR ARE PERMANENTLY ENJOINED FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST THE DEBTOR, ITS ESTATE, OR ANY OF THEIR PROPERTY ON ACCOUNT OF ANY SUCH CLAIMS OR INTERESTS: (A) COMMENCING OR CONTINUING, IN ANY MANNER OR IN ANY PLACE, ANY ACTION OR OTHER PROCEEDING; (B) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING IN ANY MANNER ANY JUDGMENT, AWARD, DECREE, OR ORDER; (C) CREATING, PERFECTING, OR ENFORCING ANY LIEN OR ENCUMBRANCE; (D) ASSERTING A SETOFF, RIGHT OF |

Debtor **Gemini Realty LLC** _____     Case number **20-31408**
       Name

**SUBROGATION, OR RECOUPMENT OF ANY KIND AGAINST ANY DEBT, LIABILITY, OR OBLIGATION DUE TO THE DEBTOR, AND (E) COMMENCING OR CONTINUING, IN ANY MANNER OR IN ANY PLACE, ANY ACTION THAT DOES NOT COMPLY WITH OR IS INCONSISTENT WITH THE PROVISIONS OF THIS PLAN; PROVIDED, HOWEVER, THAT NOTHING CONTAINED HEREIN SHALL PRECLUDE SUCH ENTITIES FROM EXERCISING THEIR RIGHTS PURSUANT TO AND CONSISTENT WITH THE TERMS OF THIS PLAN OR THE CONFIRMATION ORDER.**

| 10.02 | **Indemnification Obligation** | Except as otherwise provided in this Plan or any contract, instrument, release, or other agreement or document entered into in connection with this Plan, any and all indemnification obligations that the Debtor has pursuant to a contract, instrument, agreement, certificate of incorporation, by-law, comparable organizational document or any other document, or applicable law, shall be rejected as of the Effective Date, to the extent executory. Nothing in this Plan shall be deemed to release the Debtor's insurers from any claims that might be asserted by counterparties to contracts or agreements providing the indemnification by and of the Debtor, to the extent of available coverage. |
|---|---|---|
| 10.03 | **Releases, Waivers, and Exculpation** | **Waiver of Claims and Interests.** As of the Confirmation Date, but subject to the occurrence of the Effective Date, and except as otherwise expressly provided in the Confirmation Order or herein, all Persons who, directly or indirectly, have held, hold or may hold Claims against or Interests in the Debtor shall be deemed, by virtue of the Confirmation Order becoming a Final Order and receipt of distributions and/or other treatment contemplated under this Plan, to have forever covenanted with the Debtor and with each of the Released Parties to waive, release and not to sue, assert or otherwise seek any recovery from the Debtor or any Released Party (except for, in regard to the Released Parties, claims based upon actual fraud, willful misconduct, or gross negligence), any obligation, right, cause of action or liability, whether based in or upon tort, contract, violations of federal or state laws, or otherwise, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, based in whole or in part upon any act or omission, transactions or occurrence taking place prior to the Effective Date that gives rise to the Claims or Interests or that relates in any way to the Debtor, the Case, or this Plan. |

Debtor  **Gemini Realty LLC**                                          Case number  **20-31408**
        Name

| | | |
|---|---|---|
| 10.03.a | **Debtor Releases** | The Debtor hereby waives, releases and discharges all Released Parties from any Claim, except for Claims based upon actual fraud, willful misconduct, or gross negligence, arising from the Petition Date through the Effective Date related to such party's acts or omissions to act (including, but not limited to, any claims arising out of any alleged fiduciary or other duty) as an officer, director, employee, agent, representative, attorney, accountant, financial advisor or other professional of the Debtor, in that capacity. Any such release shall additionally act as an injunction against any claimant or equity interest holder of the Debtor commencing or continuing any action, employment of process or act to collect, offset or recover any claim that is so released. |
| 10.03.b | **Exculpation** | The Released Parties (collectively, the "**Exculpated Parties**") shall not have or incur any liability to any Person for any act taken or omission in connection with, related to or arising out of the Case, including but not limited to (i) formulating, preparing, disseminating, implementing, confirming, consummating or administering this Plan (including soliciting acceptances or rejections thereof if necessary); (ii) any contract, instrument, release or other agreement or document entered into or any action taken or not taken in connection with this Plan; or (iii) any Distributions made pursuant to this Plan, except for acts constituting actual fraud, willful misconduct, or gross negligence, and in all respects such parties shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under this Plan. The Exculpated Parties have, and upon closing of the Case or the Effective Date shall be deemed to have, participated in good faith with regard to their efforts in connection with the Plan and distributions made pursuant to the Plan. |
| 10.04 | **Modifications and Amendments** | The Debtor may alter, amend, or modify this Plan or any Exhibits thereto as provided under Bankruptcy Code § 1193. |
| 10.05 | **Severability of Plan Provisions** | If, prior to Confirmation, any term or provision of this Plan is held by the Bankruptcy Court to be invalid, void, or unenforceable, then the Bankruptcy Court, at the request of the Debtor shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void, or unenforceable, and such term or provision shall then be applicable as altered or interpreted. Notwithstanding any such holding, alteration or interpretation, the remainder of the terms and provisions of this Plan shall remain in full force and effect and shall |

| Debtor | **Gemini Realty LLC** | Case number | **20-31408** |
|---|---|---|---|
| | Name | | |

| | | in no way be affected, impaired, or invalidated by such holding, alteration, or interpretation. The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of this Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms. |
|---|---|---|
| 10.06 | **Successors and Assigns** | The rights, benefits and obligations of any Entity named or referred to in this Plan shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor, or assign of that Entity. |
| 10.07 | **[Reserved]** | |
| 10.08 | **Service of Documents** | Any notice, request, or demand required or permitted to be made or provided to or upon the Debtor and/or Reorganized Debtor under this Plan shall be (a) in writing, (b) served by (i) certified mail, return receipt requested, (ii) hand delivery, (iii) overnight delivery service, (iv) first class mail, or (v) email, (c) deemed to have been duly given or made when actually delivered or, in the case of notice by facsimile transmission, when received and telephonically confirmed, and (d) addressed as follows:<br><br>The Debtor and/or Reorganized Debtor:<br>c/o Jevette Smith<br>10613 Sherwin Place<br>Glen Allen, Virginia 23059<br>jevettesmith@gmail.com<br><br>**With Copy to:**<br><br>Paula S. Beran, Esq.<br>Tavenner & Beran, PLC<br>20 North Eighth Street, Second Floor<br>Richmond, VA 23219<br>Tel: 804-783-8300<br>Fax: 804-783-0178<br>pberan@tb-lawfirm.com |
| 10.09 | **Plan Supplement(s)** | Exhibits to this Plan not attached hereto shall be filed in one or more Plan Supplements. Any Plan Supplement (and amendments thereto) filed by the Debtor shall be deemed an integral part of this Plan and shall be incorporated by reference as if fully set forth herein. Substantially contemporaneously with their filing, the Plan Supplements may be viewed at the office of the clerk of the |

| Debtor | **Gemini Realty LLC** | Case number | **20-31408** |
| | Name | | |

| | | |
|---|---|---|
| | | Bankruptcy Court or its designee during normal business hours, by visiting the Bankruptcy Court's website at www.vaeb.uscourts.gov (PACER account required). Holders of Claims and/or Interests may obtain a copy of any Plan Supplements upon reasonable written request to the Debtor. |
| 10.10 | **Plan Exhibits** | Any and all Plan Exhibits, or other lists or schedules not filed with this Plan shall be filed with the Clerk of the Bankruptcy Court. Upon such filing, such documents may be inspected in the office of the Clerk of the Bankruptcy Court during normal court hours. Holders of Claims or Interests may obtain a copy of any such document upon written request to the Debtor in accordance with Article 10.08 of this Plan. |
| 10.11 | **Tax    Reporting and Compliance** | The Debtor is hereby authorized to request an expedited determination under Bankruptcy Code § 505(b) of the tax liability of the Debtor for all taxable periods ending after the Petition Date through and including the Effective Date. |
| 10.12 | **Filing of Additional Documents** | On or before substantial consummation of this Plan, the Debtor shall file such agreements and other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of this Plan. |
| 10.13 | **Notice of Default under the Plan** | Unless otherwise agreed, no default shall be declared under the Plan unless any payment or performance due under the Plan (other than a payment required on the Effective Date) shall not have been made or deemed made fifteen (15) days after written notice of the default is received by the Debtor/Reorganized Debtor pursuant to Article 10.8. Any notice of default shall (a) conspicuously state that it is a notice of default; (b) describe with particularity the nature of the default, including a reference to the specific provisions of the Plan as to which a default or defaults have allegedly occurred; and (c) describe any action required to cure the default, including the exact amount of any payment required to cure such default, if applicable. |
| 10.14 | **Default under the Plan** | If the Reorganized Debtor fails to (a) make the Prasad Associates Payment and (b) cure said default within fifteen (15) days of written notice, the Prasad Associates Pocket Deed may, at the option of Prasad Associates, and without further order from the Court, be recorded in the land records of Henrico County.

If the Debtor fails to (a) make any payment under this Plan other than the Prasad Associates Payment and (b) cure said default within |

Debtor  **Gemini Realty LLC**　　　　　　　　　　　　　　　Case number  **20-31408**
　　　　Name

| | | |
|---|---|---|
| | | fifteen (15) days of written notice, the Debtor shall immediately proceed to sell the Reagan Property by listing the Reagan Property for sale. Upon sale of the Reagan Property, and payment of all (y) Secured Claims including but not limited to Mr. Cooper and (z) related closing costs, any remaining proceeds shall be paid in pro rata amounts to the Classes herein according to the priorities of the Bankruptcy Code. |
| 10.15 | **Termination of SubChapter V Trustee** | If the Plan is confirmed under § 1191(a) of the Bankruptcy Code, the service of the SubChapter V Trustee in the Case shall terminate when the Plan has been substantially consummated, except that the United States Trustee may reappoint a subchapter V trustee as needed for performance of duties under subsection §§ 1191(b)(3)(C) and 1185(a) of the Bankruptcy Code. |
| 10.16 | **Service of Notice of Substantial Consummation** | Not later than fourteen (14) days after the Plan is substantially consummated, the Debtor shall file with the Court and serve on the SubChapter V Trustee, the United States Trustee, and all parties in interest notice of such substantial consummation. |

　　　Respectfully submitted,

/s/ *Jevette Marie Smith*　　　　　　　　**Jevette Marie Smith**
　　　　　　　　　　　　　　　　　　Jevette Marie Smith
　　　　　　　　　　　　　　　　　　Sole Member of Gemini Realty
　　　　　　　　　　　　　　　　　　LLC


/s/ *Paula S. Beran*　　　　　　　　　**Paula S. Beran**
　　　　　　　　　　　　　　　　　　Lynn L. Tavenner, Esquire (Va. Bar No. 30083)
　　　　　　　　　　　　　　　　　　Paula S. Beran, Esquire (Va. Bar No. 34679)
　　　　　　　　　　　　　　　　　　David N. Tabakin, Esquire (Va. Bar No. 82709)
　　　　　　　　　　　　　　　　　　Tavenner & Beran, PLC
　　　　　　　　　　　　　　　　　　20 North Eighth Street, Second Floor
　　　　　　　　　　　　　　　　　　Richmond, Virginia 23219
　　　　　　　　　　　　　　　　　　Telephone: (804) 783-8300
　　　　　　　　　　　　　　　　　　Telecopy: (804) 783-0178

　　　　　　　　　　　　　　　　　　*Counsel for the Debtor*

# EXHIBIT A

| Asset | Value on Petition Date | Liquidation Value as of June 10, 2020[1] | Potential Equity | Asserted Secured Claims[2] |
|---|---|---|---|---|
| Cash on Hand | $ 200.00 | $ - | $ - | $ - |
| Atlantic Union Bank Small Business Checking Account ending in 6546 | $ 41.93 | Closed | $ - | $ - |
| Security Deposit with Dominion Energy Virginia | $ 400.00 | $ 400.00 | $ 200.00 | $ - |
| Prepaid Henrico County Taxes | $ 4,100.00 | $ - | $ - | $ - |
| Prepaid Traveler's Insurance | $ 1,077.00 | $ - | $ - | $ - |
| Accounts Receivable | $ - | $ - | $ - | $ - |
| 10613 Sherwin Place, Glen Allen, Virginia 23059 | $ 350,000.00 | $ 270,000.00 | $ - | $ 297,956.12 |
| 1902 Reagan Road, Richmond, Virginia 23228 | $ 275,000.00 | $ 210,375.00 | $ - | $ 211,366.51 |
| Potential Cause of Action Against Prasad Associates, Inc. and/or its agents (neither client nor bankruptcy counsel have analyzed the merit of said claims, and inclusion of said claims is for disclosure purposes only).[3] | Unknown | $ - | $ - | $ - |
| **Total** | **$ 630,818.93** | **$ 480,775.00** | **$ 200.00** | **$ 509,322.63** |
| [1] The Liquidation Value is based on an estiamte of auction sale less 10 percent closing costs. | | | | |
| [2] Claims known as of June 10, 2020. | | | | |
| [3] The Debtor believes it has a settlement in concept with Prasad Associates such that claims, if any, against Prasad Associates will be waived/released. | | | | |

EXHIBIT B

**Prepared By:**                    **Company Name:**

Jevette Smith                      Gemini Realty LLC

| Operating Expenses | 2020 Annualized Amount | 2021 Annualized Amount | 2020 Annualized Amount |
|---|---|---|---|
| | | | |
| Insurance | $1,680.00 | $2,820.00 | $2,820.00 |
| Legal and Accounting | $2,000.00 | $2,000.00 | $2,000.00 |
| Licenses | $240.00 | $240.00 | $240.00 |
| Taxes | | $5,300.00 | $5,565.00 |
| Mortgages | $48,000.00 | $48,000.00 | $48,000.00 |
| Utility Deposits | | 200.00 | |
| TOTAL | $51,920.00 | $58,560.00 | $58,625.00 |

## ONE TIME EXPENSES

Gemini Realty will have expenses associated with the refinance of the Sherwin Property as well as certain payments under the Plan such as 2020 taxes, judgments, closing costs, and Fee Claims. To the extent income is not yet sufficient to cover identified expenses, the deficiency will be addressed through loans from Ms. Smith and/or Zuriel LLC.

## PROJECTED INCOME

Gemini Realty will receive 50 percent of the proceeds from the locations of Reagan Property and Sherwin Property from Zuriel LLC - Adult Residential Group Homes for Adults with Intellectual/Developmental Disabilities.

| 2021-2022 | Oct. | Nov. | Dec. | Jan. | Feb. | Mar. | Yearly Totals |
|---|---|---|---|---|---|---|---|
| Year 2 | 16,000 | 17,000 | 18,000 | 19,000 | 20,000 | 20,000 | |
| | Apr. | May | June | July | Aug. | Sept. | |
| | 20,000 | 20,000 | 20,000 | 20,000 | 20,000 | 20,000 | **$230,000** |

| 2020-2021 | Oct. | Nov. | Dec. | Jan. | Feb. | Mar. | Yearly Totals |
|---|---|---|---|---|---|---|---|
| Year 1 | 5,000 | 7,000 | 8,000 | 9,000 | 10,000 | 12,000 | |
| | Apr. | May | June | July | Aug. | Sept. | |
| | 12,000 | 13,000 | 13,000 | 14,000 | 15,000 | 15,000 | **$133,000** |

| 2022-2023 | Oct. | Nov. | Dec. | Jan. | Feb. | Mar. | Yearly Totals |
|---|---|---|---|---|---|---|---|
| Year 3 | 20,000 | 20,000 | 20,000 | 20,000 | 20,000 | 20,000 | |
| | Apr. | May | June | July | Aug. | Sept. | |
| | 20,000 | 20,000 | 20,000 | 20,000 | 20,000 | 20,000 | **$240,000** |