**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| In re: | Case No. 20-31408-KLP |
| Gemini Realty LLC[1] | |
| Debtor | Chapter 11 |

**ORDER CONFIRMING PLAN OF
REORGANIZATION OF GEMINI REALTY, LLC**

Upon the Plan of Reorganization of Gemini Realty, LLC (the "**Plan**") dated June 10, 2020, and the hearing on confirmation thereof held on August 6, 2020 (the "**Confirmation Hearing**"), and upon a full and complete record of the Confirmation Hearing and all matters and proceedings heretofore part of the record of this Chapter 11 Case; and after due deliberation and sufficient cause appearing therefore;

THE COURT FINDS AND CONCLUDES:

1.      Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

2.      This Bankruptcy Court has jurisdiction over this Case pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this Chapter 11 Case in this district is proper pursuant to 28 U.S.C. §§

---

[1] The Debtor's address is 10613 Sherwin Place, Glen Allen, Virginia 23059, and the Debtor's EIN is 84-1710227.

Lynn L. Tavenner, Esquire (Va. Bar No. 30083)
Paula S. Beran, Esquire (Va. Bar No. 34679)
David N. Tabakin, Esquire (Va. Bar No. 82709)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Counsel for the Debtor*

1408 and 1409. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)

(L), and this Bankruptcy Court has exclusive jurisdiction to determine whether the Plan complies

with the applicable provisions of the Bankruptcy Code and should be confirmed. This Court shall

retain jurisdiction over this Case as set forth in the Plan and herein.

      3.      On June 10, 2020, the Debtor filed the Debtor's Plan of Reorganization. ECF No.

31.

      4.      On June 25, 2020, pursuant to (a) the terms of the Order Fixing Hearing On

Confirmation and Times for Filing Objections to Confirmation and Acceptances or Rejections of

Plan (the "**Order**") and (b) § 1125 of the Bankruptcy Code, the Debtor solicited acceptance of

the Plan. Specifically, Ballots were transmitted to Holders of Claims in Classes eligible to vote in

accordance with the Order.

      5.      Proper notice of the Confirmation Hearing, the Plan, and the payment provisions

under the Plan were provided to all creditors and parties in interest as required by the Order, and

such notice is adequate and sufficient under the Bankruptcy Code and the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**") including but not limited to § 1128 of the

Bankruptcy Code, Bankruptcy Rules 2002(b), 3017, and 3020(b) and other applicable law and

rules.

      6.      The Plan complies with the requirement of §§ 1190 and 1191 of the Bankruptcy

Code

      7.      As set forth below, the Plan complies with the applicable provisions of the

Bankruptcy Code, thereby satisfying § 1129(a)(1) of the Bankruptcy Code.

a. <u>Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1))</u>. The Plan designates seven (7) Classes of Claims and Interests. The Claims and Interests placed in each Class are substantially similar to other Claims and Interests, as the case may be, in each such Class. Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan, and such Classes do not unfairly discriminate between holders of Claims and Interests. The Plan satisfies §§ 1122 and 1123(a)(1) of the Bankruptcy Code.

b. <u>Specified Unimpaired Classes (11 U.S.C. § 1123(a)(2))</u>. The Plan identifies and properly classifies, as verbally modified at the Confirmation Hearing, those Classes that are Unimpaired under the Plan, thereby satisfying § 1123(a)(2) of the Bankruptcy Code.

c. <u>Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))</u>. The Plan identifies and properly classifies, as verbally modified at the Confirmation Hearing, those Classes that are Impaired under the Plan, thereby satisfying § 1123(a)(3) of the Bankruptcy Code.

d. <u>No Discrimination (11 U.S.C. § 1123(a)(4))</u>. The Plan provides for the same treatment by the Debtor for each Claim or Interest in each respective Class unless the Holder of a particular Claim or Interest has agreed to a different treatment of such Claim or Interest, thereby satisfying § 1123(a)(4) of the Bankruptcy Code.

e. <u>Implementation of Plan (11 U.S.C. § 1123(a)(5))</u>. The Plan and this Confirmation Order provide adequate and proper means for the Plan's implementation, thereby satisfying § 1123(a)(5) of the Bankruptcy Code.

f.   <u>Prohibition Against Non-Voting Securities (11 U.S.C. § 1123(a)(6))</u>. Section

1123(a)(6) of the Bankruptcy Code is not applicable to the Plan.

g.   <u>Designation of Officers, Directors or Trustees (11 U.S.C. § 1123(a)(7))</u>. The Plan

describes and designates the Reorganized Debtor as a corporation and describes

the officers and directors. Thus, the Plan complies with § 1123(a)(7) of the

Bankruptcy Code.

8.      Except as otherwise provided or permitted by orders of this Bankruptcy Court, the

Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying §

1129(a)(2) of the Bankruptcy Code. Specifically, the Debtor is a proper debtor under §§ 109 and

1182 of the Bankruptcy Code and is a proper plan proponent under § 1189 of the Bankruptcy

Code. Further, the Debtor has satisfactorily complied with the applicable provisions of the

Bankruptcy Code, the Bankruptcy Rules, and the Order in transmitting the Plan, the Ballots, the

notice of the Confirmation Hearing, and related documents and notices, and in soliciting and

tabulating votes on the Plan.

9.      The Debtor has proposed the Plan in good faith and not by any means forbidden

by law, thereby satisfying § 1129(a)(3) of the Bankruptcy Code. In determining that the Plan has

been proposed in good faith, this Court has examined the totality of the circumstances

surrounding the filing of this Chapter 11 Case. The Debtor's good faith is further demonstrated

by the facts and records of this Case and the hearings thereon, and the record of the Confirmation

Hearing and other proceedings held in this Case. The Plan was proposed with a legitimate and

honest purpose.

10.     Any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with this Chapter 11 Case, or in connection with the Plan and incident to this Case, has been approved by, or is subject to the approval of, the Bankruptcy Court as reasonable, thereby satisfying § 1129(a)(4) of the Bankruptcy Code.

11.     The Debtor has disclosed the identity of the Insider who will continue as the owner of the Reorganized Debtor, and as such § 1129(a)(5) of the Bankruptcy Code is satisfied.

12.     No regulatory approval was cited as necessary, and the Plan does not provide for the changes in any rates subject to regulatory approval. Accordingly, the Plan satisfies § 1129(a)(6) of the Bankruptcy Code.

13.     The Plan satisfies § 1129(a)(7) of the Bankruptcy Code.

14.     The Plan has been accepted by all the Classes of creditors whose acceptances are required by law and therefore satisfies § 1129(a)(8) of the Bankruptcy Code.

15.     The treatment of Administrative Claims and Priority Claims pursuant to the Plan satisfies the requirements of §§ 1129(a)(9)(A), (B), and (C) of the Bankruptcy Code. Specifically, creditors holding Claims entitled to priority pursuant to § 507 of the Bankruptcy Code are being paid as required by law or have agreed to treatment otherwise.

16.     An impaired class of claims under the Plan has accepted the Plan, and therefore the requirements of § 1129(a)(10) of the Bankruptcy Code are satisfied.

17.     Confirmation of the Plan is not likely to be followed by a liquidation; accordingly, the Plan satisfies the requirements of § 1129(a)(11) of the Bankruptcy Code.

18.     All fees payable under 28 U.S.C. § 1930 have been paid or the Plan provides for payment of all such fees continuing until this Case is closed. The Debtor is aware of no said

amount due and owing given 28 U.S.C. § 1930(a)(6)(A) specifically excludes payments for cases

under Subchapter V of the Bankruptcy Code. Accordingly, the Plan satisfies the requirements of

§ 1129(a)(12) of the Bankruptcy Code.

19.     Section 1129(a)(13) of the Bankruptcy Code is inapplicable since the Debtor does

not maintain retiree benefits as contemplated by § 1114 of the Bankruptcy Code.

20.     The Debtor is not required to pay a domestic support obligation of any sort, and as

such the requirements of § 1129(a)(14) of the Bankruptcy Code are inapplicable to the Plan.

21.     The Debtor is a corporation that is a moneyed, business, or commercial

corporation and as such the requirements of § 1129(a)(16) of the Bankruptcy Code are

inapplicable to the Plan.

22.     The principal purpose of the Plan is not the avoidance of taxes or the avoidance of

the application of section 5 of the Securities Act of 1933, as amended; accordingly, the Plan

complies with § 1129(d) of the Bankruptcy Code.

23.     The Debtor is assuming all Executory Contracts and/or Unexpired Leases, unless

otherwise specifically designated, as part of the Plan; the Plan provides the non-Debtor party to

the contract or lease with the treatment provided for by § 365(b) of the Bankruptcy Code.

24.     In summary, the Debtor has satisfied the burden of proving the elements of §§

1129(a) and 1191 of the Bankruptcy Code by a preponderance of evidence, which is the

applicable evidentiary standard in this Bankruptcy Court for Confirmation of the Plan.

25.     To the extent it was ever determined that the Plan has not been accepted by all the

Classes of creditors whose acceptances are required by law, based upon the record before this

Court, the Plan is confirmable pursuant to § 1191(b) of the Bankruptcy Code because it does not

discriminate unfairly and is fair and equitable with respect to all requisite Classes. Upon confirmation of the Plan and the occurrence of the Effective Date, the Plan shall be binding upon the members of all Classes.

26.    Based on the record before the Bankruptcy Court in this Chapter 11 Case, the Debtor, and its respective advisors, counsel or other professionals and the SubChapter V Trustee have acted in "good faith" within the meaning of § 1125(e) of the Bankruptcy Code in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules in connection with and related to the formulations, negotiation, solicitation, implementation, confirmation, and consummation of the Plan, and its participation in the activities described in § 1125 of the Bankruptcy Code, and are entitled to the protections afforded by § 1125(e) of the Bankruptcy Code and the limitations of liability set forth in the Plan.

27.    No further action of this Court will be required to authorize the Debtor to enter into, execute and deliver, or adopt, as the case may be, the documents necessary to implement the provisions of the Plan.

28.    This Bankruptcy Court may properly retain jurisdiction over the matters set forth in Article 8 of the Plan, § 1142 of the Bankruptcy Code, and this Confirmation Order.

29.    In accordance with § 1123(b)(3)(A) of the Bankruptcy Code, the releases of claims and causes of action by the Debtor described in Article 10(03) of the Plan represents a valid exercise of the Debtor's business judgment under Bankruptcy Rule 9019. The Debtor's or the Reorganized Debtor's pursuit of any such claims is not in the best interests of the Estate's various constituencies because the costs involved would likely outweigh any potential benefit

from pursuing such claims. The Debtor's release is fair and equitable and complies with the absolute priority rule.

30.     The Debtor's release appropriately offers protection to parties that participated in the Debtor's restructuring process. Specifically, the Released Parties under the Plan made significant concessions and contributions to the Debtor's Chapter 11 Case, including, as applicable, actively supporting the Plan and the Chapter 11 Case. The release for the Debtor's directors, officers, and managers is appropriate because the Debtor's directors, officers, and managers share an identity of interest with the Debtor, supported the Plan, and the Chapter 11 Case, and actively participated in meetings, negotiations, and implementation of the restructuring during the Chapter 11 Case, and have provided other valuable consideration to the Debtor to facilitate the Debtor's reorganization.

31.     The scope of the Debtor's release is appropriately tailored under the facts and circumstances of the Chapter 11 Case. In light of, among other things, the value provided by the Released Parties to the Debtor's Estate and the critical nature of the Debtor's release to the Plan, the Debtor's release is approved.

32.     The exculpation provisions set forth in Article 10(03) of the Plan are essential to the Plan. The record in the Chapter 11 Case fully supports the exculpation and the exculpation provisions set forth in Article 10(03) of the Plan, which are appropriately tailored to protect the Exculpated Parties from unnecessary litigation.

33.     The injunction provisions set forth in Article 10(01) of the Plan are essential to the Plan and are necessary to implement the Plan and to preserve and enforce the discharge, the

Debtor release, and the exculpation provisions in Article 10(03) of the Plan. Such injunction provisions are appropriately tailored to achieve those purposes.

FINDING THAT THE PLAN IS CONFIRMABLE BASED UPON, AMONG OTHER THINGS, ALL OF THE ABOVE-STATED FINDINGS OF FACT AND CONCLUSIONS OF LAW, AND GOOD CAUSE APPEARING THEREFOR, THE COURT HEREBY ORDERS THAT:

1.      <u>Bankruptcy Rule 7052</u>. The findings of this Court set forth above and the conclusions of law stated herein and on the record at the Confirmation Hearing, shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding by Bankruptcy Rule 9014. To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and vice versa.

2.      <u>Confirmation</u>. The Plan is hereby approved and confirmed under § 1191 of the Bankruptcy Code as modified herein. The terms of the Plan are incorporated herein by reference and are an integral part of the Plan and this Confirmation Order, and as further delineated herein, are binding upon the Debtor, all of its creditors, and parties in interest affected thereby.

3.      <u>Other Plan Documents</u>. Any Plan exhibit and any amendments, modifications, and supplements thereto, all documents and agreements related thereto or relating to consummation and implementation of the Plan and any other documents and agreements referenced by the Debtor at the Confirmation Hearing (collectively, the "**Plan Documents**"), and the execution, delivery, and performance thereof by the Debtor is authorized and approved. Without need for further order or authorization of the Bankruptcy Court, the Debtor, or the Reorganized Debtor, as applicable, is authorized and empowered to make any and all

modifications to any and all documents included to any of the Plan Documents that do not materially modify the terms of such documents and are consistent with the Plan.

4.      <u>Provisions of Plan and Confirmation Order Nonseverable and Mutually Dependent</u>. The provisions of the Plan and this Confirmation Order, including the findings of fact and conclusions of law set forth herein, are nonseverable and mutually dependent.

5.      <u>Matters Relating to Implementation of the Plan; Authorizations</u>. The approvals and authorizations specifically set forth in this Confirmation Order are nonexclusive and are not intended to limit the authority of the Debtor or Reorganized Debtor to take any and all actions necessary or appropriate to implement, effectuate, and consummate any and all documents or transactions contemplated by the Plan or this Confirmation Order. The Bankruptcy Court authorizes the Debtor to consummate the Plan after entry of this Confirmation Order. The Debtor is authorized to execute, acknowledge, and deliver such deeds, assignments, conveyances, and other assurances, releases, documents, instruments of transfer, uniform commercial code financial statements, trust agreements, mortgages, indentures, security agreements, and bills of sale and to take such other actions as may be reasonably necessary to perform the terms and provisions of the Plan, all transactions contemplated by the Plan, and all other agreements related thereto. Pursuant to § 1142(b) of the Bankruptcy Code, any necessary party and/or parties are directed by the Court, as requested by the Reorganized Debtor, to execute or deliver or to join in the execution or delivery of any instrument required to effect a transfer of property dealt with by this Plan, and to perform any other act, including the release of any judgment and/or encumbrances and/or the satisfaction of any lien, that is necessary for or in furtherance of the consummation of the Plan.

6.    <u>Classification Controlling</u>. The classifications of Claims and Interests for purposes of the distributions to be made under the Plan shall be governed solely by the terms of the Plan. The classifications set forth on the Ballots tendered to the Debtor's Creditors in connection with voting on the Plan (a) were set forth on the Ballots solely for purposes of voting to accept or reject the Plan, (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims and Interests under the Plan for distribution purposes, and (c) shall not be binding on the Debtor or the Reorganized Debtor.

7.    Prasad Associates. Proof of Claim Number 6 in the amount of $297.055 is hereby Allowed but the same will be satisfied in full by (a) the Prasad Associates Payment on or before 120 days of the Effective Date and (b) the Prasad Associates Release. Within seven (7) days after the Effective Date, the Debtor shall tender the Prasad Associates Pocket Deed to counsel for Prasad Associates, who shall hold the same in escrow subject to the terms of this Plan. If the Reorganized Debtor fails to (a) timely make the Prasad Associates Payment and (b) cure said default within fifteen (15) days of written notice, the Prasad Associates Pocket Deed may, at the option of Prasad Associates, and without further order from the Court, be recorded in the land records of Henrico County. The Pre-Petition Loan Documents of Prasad Associates shall remain in full force and effect except as modified herein until payment of the Prasad Associates Payment or as otherwise mutually agreed by Prasad Associates and the Debtor/Reorganized Debtor. Upon timely (including any cure period) receipt of the Prasad Associates Payment, (1) all of the Pre-Petition Loan Documents of Prasad Associates shall be marked "satisfied" and/or "released," and thereafter permanently destroyed, and (2) the Prasad Associates Pocket Deed shall immediately be destroyed. To the extent the Prasad Associates Pocket Deed is ever recorded before the time

provided herein and/or after timely (including any cure period) payment of the Prasad Associates Payment, the same shall be deemed void and in contravention of this Confirmation Order. Upon this Confirmation Order becoming a Final Order, the Prasad Associates Release shall be deemed effective and as such, the Debtor/Reorganized Debtor and any current or former director, officer, agent, representative, attorney, accountant, financial advisor or other professional of Debtor/Reorganized Debtor, but only in such party's capacity as such, shall be deemed to have waived, released and discharged Prasad Associates and any current or former director, officer, agent, representative, attorney, accountant, financial advisor or other professional of Prasad Associates, but only in such party's capacity as such, from any and all claims (as such term "claim" is defined in § 101(5) of the Bankruptcy Code), any obligation, right, and/or or cause of action or liability, whether based in or upon tort, contract, violations of federal or state laws, or otherwise, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, based in whole or in part upon any act or omission, transactions or occurrence except as otherwise provided in the Plan and/or this Confirmation Order.

8.    <u>Means of Execution</u>. Upon Confirmation, the Reorganized Debtor will retain Estate Property in accordance with Bankruptcy Code § 1123(a)(5)(A), subject to the liens of Prasad Associates, Mr. Cooper, the County of Henrico, the City of Richmond, and Magnolia Ridge unless otherwise modified by order of this Court (the validity, extent, and priority of which are subject to determination by the Court except as otherwise provided herein). All other liens and/or encumbrances are hereby extinguished. Any defaults as of the Filing Date of the Debtor, whether or not reduced to judgment, are cured by the provisions herein. Pursuant to § 347 of the Bankruptcy Code, Unclaimed Funds shall become property of the Debtor.

9.      <u>Direction to Necessary Parties</u>. Pursuant to § 1142(b) of the Bankruptcy Code, any necessary party and/or party in interest are hereby directed to execute, deliver, or to join in the execution or delivery of any instrument required to effect a transfer of property dealt with by this Plan, and to perform any other act, including the satisfaction of any lien and/or release of any encumbrance, that is necessary for or in furtherance of the consummation of the Plan.

10.      <u>Exemption from Certain Taxes and Recording Fees</u>. Pursuant to § 1146(c) of the Bankruptcy Code, the issuance, transfer or exchange of any security, or the making, delivery, filing or recording of any instrument under, or in connection with, the Plan shall not be taxed under any law imposing a recording tax, stamp tax, transfer tax, or similar tax. Furthermore, and without limiting the foregoing, any transfers from the Debtor to the Reorganized Debtor or to any other Person pursuant to the Plan shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, sales or use tax, mortgage tax, stamp act, real estate transfer tax, mortgage recording tax, Uniform Commercial Code filing or recording fee, or other similar tax or governmental assessment. All filing or recording officers (or any other Person with authority over any of the foregoing), wherever located and by whoever appointed, shall comply with the requirements of § 1146(c) of the Bankruptcy Code, shall forego the collection of any such tax or governmental assessment, and shall accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment. The Court shall retain specific jurisdiction with respect to these matters.

11.      <u>Executory Contracts and Unexpired Leases</u>. All Executory Contracts and Unexpired Leases shall be assumed upon the Effective Date (if not already terminated).

13

Notwithstanding any language in the Debtor's descriptions of any of the Executory Contracts and/or Unexpired Leases in the Plan or Plan Documents, the language contained in the Executory Contracts and Unexpired Leases themselves shall control.

12.    <u>Payment of Fees</u>. All fees payable under 28 U.S.C. § 1930 have been paid or the Plan provides for payment of all such fees continuing until this Case is closed. The Debtor is aware of no said amount due and owing given 28 U.S.C. 1930(a)(6)(A) specifically excludes payments for cases under Subchapter V of the Bankruptcy Code. Accordingly, the Plan satisfies the requirements of § 1129(a)(12) of the Bankruptcy Code.

13.    <u>Professional Claims and Final Fee Applications</u>. All Persons seeking an award by the Bankruptcy Court of a Fee Claim incurred through and including the Effective Date shall on or before 30 days from the Effective Date, unless otherwise ordered by the Bankruptcy Court, file their respective final applications for allowance of compensation for services rendered and reimbursement of expenses incurred. The same shall be paid the latter of (a) the date upon which the order relating to any such Fee Claim is entered or (b) upon such other terms as may be mutually agreed upon between the holder of such Fee Claim and the Debtor or, on and after the Effective Date, the Reorganized Debtor.

14.    <u>Other Administrative Claims</u>. All other Allowed Administrative Expense Claims shall be paid as provided in the Plan. Pursuant to the Disclosure Statement Orders, Proofs of Administrative Expense Claims and requests for payment of Administrative Expense Claims must have been electronically filed, on or before 30 days from the Effective Date, with the Court and served on (a) Paula S. Beran, Esquire, Counsel for the Debtor, 20 N. 8th Street, Richmond, Virginia 23219 and (b) Kathryn R. Montgomery, Esquire, Assistant United States Trustee, 701

East Broad Street, Suite 4304, Richmond Virginia 23219. Any Person that failed to timely file a proof of Administrative Expense Claim as provided in the Disclosure Statement Orders and herein shall be forever barred from asserting such Claim against the Debtor, the Estate, the Reorganized Debtor, or its property, and the Holder thereof shall be enjoined from commencing or continuing any action, employment of process, or act to collect, offset, or recover such Administrative Expense Claim.

The Debtor shall pay to each Holder of an Allowed Administrative Expense Claim, on the latter of the Effective Date and the first (1st) Business Day after the date that is thirty (30) calendar days after the date such Administrative Expense Claim becomes an Allowed Administrative Expense Claim, or as soon thereafter as is reasonably practicable; *provided, however*, that Allowed Administrative Expense Claims representing liabilities incurred in the ordinary course of business by the Debtor, as debtor in possession, or liabilities arising under loans or advances to or other obligations incurred by the Debtor, as debtor in possession, whether or not incurred in the ordinary course of business, shall be paid by the Reorganized Debtor in the ordinary course of business, consistent with past practice and in accordance with the terms and subject to the conditions of any orders or agreements governing, instruments evidencing, or other documents relating to such transactions, or as otherwise provided herein.

15.    <u>Resolution of Other Claims and Interests</u>. Except as otherwise previously ordered by this Bankruptcy Court, any Claim, or interest that is not an Allowed Claim shall be determined, resolved, or adjudicated in accordance with the terms of the Plan and this Confirmation Order. The Debtor or Reorganized Debtor, as the case may be, may (a) until thirty (30) days after the Effective Date (unless extended by Order of the Bankruptcy Court) file

objections in the Bankruptcy Court to the allowance of any Claim or interest and/or (b) amend its schedules at any time before the Chapter 11 Case is closed.

16.  <u>Discharge of the Subchapter V Trustee</u>. On the Effective Date, the Subchapter V Trustee shall be discharged pursuant to § 1183(c) of the Bankruptcy Code, and responsibilities and obligations in connection with this Case shall terminate, except with respect to any Fee Claim.

17.  <u>Claims and Their Treatment</u>. Allowed Claims as provided in this Order shall be paid or otherwise satisfied as provided in the Plan, except that unsecured priority tax claims shall be allowed in full as filed on the proofs of claim and shall be paid in full on the Effective Date, or as provided for by § 1129(a)(9)(C)(i), with interest from the Confirmation Date at the rate of 5 percent pursuant to 26 U.S.C., §§ 6621 and 6622. If the Debtor fails to file any return, income reports, or tax information when due, or fails to make any tax deposit or payment when due, or fails to make any tax payment provided or required under this Plan when due, or fails to abide by any other term of this Plan applicable to the Internal Revenue Service, then the United States may declare the Debtor to be in default of the Plan. The United States may declare default by mailing a notice of default to the Debtor by first class mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to the Debtor's counsel by first class mail, postage prepaid, or by email at the same time as the notice of default is mailed to the Debtor. The notice of default will state in simple and plain language: (1) that the Debtor is in default in failing to file a return, income reports, or tax information when due, or failing to make a tax deposit or payment when due, or failing to make a tax payment provided or required under this Plan when due; (2) the date(s) and amount(s) of any payment missed; or the form and tax period for which

any return, income reports, or information has not been filed or provided; (3) the action necessary to cure the default, including any address to which payments (or tax forms, reports or information) must be mailed; and (4) that the Debtor must cure the default within 25 days after the date of the mailing of the notice of default. Failure to declare a default does not constitute a waiver by the United States of the right to declare the Debtor is in default.

If the United States declares the Debtor to be in default of its obligation under the Plan, and the Debtor fails to cure such default within 25 days thereof, then the entire liability, together with any unpaid current liabilities shall become due and payable immediately. Upon notice of default and the failure to cure, as set forth above, the IRS may collect any unpaid liabilities through the administrative collection provisions of the Internal Revenue Code, without the need for Bankruptcy Court approval. This shall include full reinstatement of the administrative collection powers and the rights of the IRS as they existed prior to the filing of the bankruptcy petition in this Case, including, but not limited to, the assessment of taxes, the filing of the Notice of Federal tax lien and the powers of levy, seizure, and sale under Subtitle F, Procedures and Administration, of the Internal Revenue Code. Further, in the event of a default, the IRS shall not be enjoined from and retains the right to pursue any Trust Fund Recovery Penalty from any responsible third party other than the Debtor.

18.  <u>Effects of Confirmation</u>. Except as otherwise specifically provided in or contemplated by this Confirmation Order, the Plan together with the Plan Document shall, in addition to the effects prescribed by Bankruptcy Code §§ 1141 and 1192:

    a.  Bind (i) the Debtor and (ii) all Holders of Claims and interests, whether or not they filed a proof of claim, whether or not they accept this Plan, and whether or not the claim or interest of such Holder is impaired or Allowed under the Plan.

      b.  Cure all defaults under the agreements between the Debtor and any third party, which agreements may include third-party guarantees. Unless and until there is an Event of Default under this Plan, Creditors whose Claims are provided for herein shall not be entitled to pursue third parties or non-Debtor collateral, except as provided for herein.

      c.  On the Effective Date of the Plan, discharged the Debtor from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; or (ii) to the extent provided in § 1141(d)(6).

      d.  Bind upon and inure to the benefit of the Debtor, all present and former holders of Claims and interests, and their respective successors and assigns.

19.    <u>Releases, Waivers, and Exculpation</u>. As of the entry of this Order, but subject to the occurrence of the Effective Date, and except as otherwise expressly provided herein or in the Plan, all Persons who, directly or indirectly, have held, hold or may hold Claims against or Interests in the Debtor shall be deemed, by virtue of this Order becoming a Final Order and receipt of distributions and/or other treatment contemplated under the Plan, to have forever covenanted with the Debtor and with each of the Released Parties to waive, release and not to sue, assert or otherwise seek any recovery from the Debtor or any Released Party (except for, in regard to the Released Parties, claims based upon actual fraud, willful misconduct, or gross negligence), any obligation, right, cause of action or liability, whether based in or upon tort, contract, violations of federal or state laws, or otherwise, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, based in whole or in part upon any act or omission, transactions or occurrence taking place prior to the Effective Date that gives rise to the Claims or Interests or that relates in any way to the Debtor, the Case, or the Plan.

20.    <u>Debtor Releases</u>. In addition to other releases provided herein, the Debtor hereby waives, releases and discharges all Released Parties from any claim (as such term "claim" is

defined in § 101(5) of the Bankruptcy Code), except for claims based upon actual fraud, willful misconduct, or gross negligence, arising from the entry of the Order for Relief through the Effective Date related to such party's acts or omissions to act (including, but not limited to, any claims arising out of any alleged fiduciary or other duty) as an officer, director, employee, agent, representative, attorney, accountant, financial advisor or other professional of the Debtor, in that capacity. Any such release shall additionally act as an injunction against any claimant or equity interest holder of the Debtor commencing or continuing any action, employment of process or act to collect, offset or recover any claim that is so released.

21.    <u>Exculpation</u>. The Released Parties (collectively, the "**Exculpated Parties**") shall not have or incur any liability to any Person for any act taken or omission in connection with, related to or arising out of the Case, including but not limited to (i) formulating, preparing, disseminating, implementing, confirming, consummating or administering the Plan (including soliciting acceptances or rejections thereof if necessary); (ii) any contract, instrument, release or other agreement or document entered into or any action taken or not taken in connection with the Plan; or (iii) any distributions made pursuant to the Plan, except for acts constituting actual fraud, willful misconduct, or gross negligence, and in all respects such parties shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Plan. The Exculpated Parties have, and upon closing of the Case or the Effective Date shall be deemed to have, participated in good faith with regard to their efforts in connection with the Plan, Disclosure Statement, and distributions made pursuant to the Plan.

22.    <u>Injunctions</u>. The injunction provisions set forth in Article 10 of the Plan are hereby approved in their entirety. Except to the extent otherwise provided in the Plan, from and

after the Confirmation Date all persons who have held, hold, assert or asserted or may hold Claims against or interests in the Debtor, its Estate, any of its property or assets on account of any such actual or asserted Claims or Administrative Claims that arose before the Effective Date are permanently enjoined from taking any of the following actions: (a) commencing or continuing, in any manner or in any place, any action or other proceeding; (b) enforcing, attaching, collecting and/or recovering, in any manner, any judgment, award, decree and/or order; (c) creating, perfecting and/or enforcing any lien or encumbrance; (d) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability and/or obligation due to the Debtor; and (e) commencing and/or continuing, in any manner or in any place, any action that does not comply with or in inconsistent with the provisions of the Plan; provided, however, that nothing contained herein shall preclude such persons from exercising their rights pursuant to and consistent with the terms of the Plan and/or this Order.

23.    <u>Substantial Consummation</u>. The Plan shall be deemed to be substantially consummated once a transfer of all or substantially all of the property proposed by the Plan to be transferred is complete, once the Reorganized Debtor has assumed the business or management of substantially all of the property dealt with by the Plan, and/or upon the commencement of distributions under the Plan.

24.    <u>Controlling Provisions</u>. In the event and to the extent that any provision of this Confirmation Order is determined to be inconsistent with any provision of the Plan or any Plan Document, such provision of the Confirmation Order shall control and take precedence in all respects.

25.   <u>Retention of Jurisdiction</u>. Pursuant to §§ 105(a), 1127, and 1142 of the

Bankruptcy Code, and notwithstanding the entry of this Confirmation Order or the occurrence of

the Effective Date, the Court shall retain exclusive jurisdiction to:

a. Determine the Classification of the Claim of any creditor and re-examination of Claims, which have been allowed for, purposes of voting, and the determination of such objections as may be filed to such Claims. The failure by the Debtor to object to, or to examine any Claim for the purposes of voting, shall not be deemed to be a waiver of the Debtor's right to object to, or re-examine the Claim in whole or in part.

b. Determine any and all applications for compensation and reimbursement of expenses pursuant to Bankruptcy Code § 330.

c. To the extent authorized by the Bankruptcy Code and Bankruptcy Rules, modify the Plan or correct any defect, cure any omission, or reconcile any inconsistency in the Plan or the Confirmation Order as may be necessary to carry out the purposes and intent of the Plan.

d. Determine any and all applications, adversary proceedings, and contested or litigated matters pending on the Confirmation Date or arising in or related to the Debtor's reorganization proceedings.

e. Determine matters concerning state, local and federal taxes pursuant to Bankruptcy Code §§ 106, 505, 1141, and 1146.

f. Determine the validity, priority, enforceability and extent of all Liens, encumbrances, mortgages, security agreements, deeds of trust, assignments and other charges and levies which are, or become Liens or encumbrances on assets or Estate Property prior to Confirmation.

g. Resolve controversies and disputes regarding the interpretation of the Plan.

h. Implement the provisions of the Plan and enter any orders in aid of Confirmation and consummation of the Plan including, without limitation, orders to protect the Debtor and assets and Estate Property from actions by creditors and/or interest holders of Debtor.

i. Enforce the rights of the Debtor under the Plan.

j. To take such action to enjoin interference with implementation of the Plan.

k. For such other matters as may be set forth in this Confirmation Order.

26.   <u>Notices</u>. Notice required by the Plan, or given by any creditor or party in interest

concerning the Plan, shall be to all of the following:

Gemini Realty, LLC
c/o Ms. Jevette Smith
8300 Hawk Nest Drive
Richmond VA 23227

With a copy to:

Paula S. Beran, Esquire                    Kathryn R. Montgomery, Esquire
Tavenner & Beran, PLC                      Office of the United States Trustee
20 North Eighth Street, Second Floor       701 East Broad Street, Suite 4304
Richmond, VA 23219                         Richmond, VA 23219

      27.    Notice of Entry of Confirmation Order. On or before the tenth (10th) Business

Day following the date of entry of this Confirmation Order, the Debtor shall serve notice of entry

of this Confirmation Order pursuant to Bankruptcy Rules 2002(f)(7), 2002(k), and 3020(c) on all

Creditors and Equity Interest Holders, the United States Trustee, and other parties in interest, by

causing notice of entry of the Confirmation Order (the "**Notice of Confirmation**"), to be

delivered to such parties by first-class mail, postage prepaid. The notice described herein is

adequate under the particular circumstances and no other or further notice is necessary.

Dated: Aug 14 2020

/s/ Keith L Phillips
_____
UNITED STATES BANKRUPTCY JUDGE

Entered on Docket: Aug 17 2020

I ask for this:

By:   */s/ Paula S. Beran*      
Lynn L. Tavenner (Va. Bar No. 30083)
Paula S. Beran (Va. Bar No. 34679)
David N. Tabakin (Va. Bar No. 82709)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

      *Counsel for the Debtor*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of August 2020, a true and correct copy of the Order Confirming Plan of Reorganization of Gemini Realty, LLC was endorsed by all necessary parties.

/s/ Paula S. Beran
Counsel for the Debtor

## Service List for Entered Order

Kathryn R. Montgomery, Esquire
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219