**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| In re: Gemini Realty LLC[1] Debtor | Case No. 20-31408-KLP Chapter 11 |
|---|---|

**FIRST INTERIM AND FINAL APPLICATION OF TAVENNER & BERAN, PLC FOR ALLOWANCE OF COMPENSATION AND EXPENSE REIMBURSEMENT AS DEBTOR'S COUNSEL**

Tavenner & Beran, PLC, counsel to the above referenced debtor (the "Debtor") hereby submits the First Interim and Final Application of Tavenner & Beran, PLC for Allowance of Compensation and Expense Reimbursement as Debtor's Counsel (the "Application") pursuant to 11 U.S.C. §§ 330, 331, and 503(b) and Rule 2016 of the Federal Rules of Bankruptcy Procedure on behalf of Tavenner & Beran, PLC ("Tavenner & Beran"). In this Application, Tavenner & Beran seeks approval of compensation in the amount of $13,526.00 for fees and $ 223.45 for costs for the period of March 12, 2020 through September 3, 2020, and in support thereof states as follows:

[1] The Debtor's address is 10613 Sherwin Place, Glen Allen, Virginia 23059, and the Debtor's EIN is 84-1710227.

Lynn Lewis Tavenner, Esquire (Va. Bar No. 30083)
Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Counsel for the Debtor*

## Background

1. On March 12, 2020 (the "Petition Date"), the Debtor filed for relief under Chapter 11 of the Bankruptcy Code.

2. The Debtor is continuing in possession of its property and is operating and managing its business, as Debtor-in-Possession, pursuant to § 1184 of the Bankruptcy Code.

3. On or about March 23, 2020, the Debtor filed the Debtor's Application to Retain and Employ Tavenner & Beran, PLC as its Counsel (the "Tavenner & Beran Employment Application"), seeking the entry of an order authorizing the retention and employment of Tavenner & Beran as its counsel in this Chapter 11 case retroactive to the Petition Date. Thereafter, on April 9, 2020, this Court entered an order (the "Tavenner & Beran Employment Order") granting the Tavenner & Beran Employment Application.

4. Tavenner & Beran has rendered services to the Debtor from and including March 12, 2020 through September 3, 2020 for which it seeks compensation in the amount of $13,526.00 for fees and $ 223.45 for costs. Attached hereto as Exhibit A is a statement of the fees and costs incurred.

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Employment and Case Status

6. As authorized in the Tavenner & Beran Employment Order, the terms of Tavenner & Beran's employment are as follows: Tavenner & Beran charges legal fees on an hourly basis at its attorneys and paraprofessional hourly rates, which are set in accordance with the attorneys' seniority and experience. Tavenner & Beran also charges the Debtor for its actual

out-of-pocket expenses incurred such as copying, overnight mail, telecopies, computer research, and other disbursements.

7. The names of all Tavenner & Beran's staff requesting compensation and their respective hourly rates are set forth on Exhibit A attached hereto.

8. The Debtor filed its Plan of Reorganization (ECF No. 31) on June 10, 2020.

9. On August 17, 2020, the Court entered the Order Confirming Chapter 11 Plan (ECF No. 40).

10. To the best of Tavenner & Beran's knowledge, information and belief, the Debtor has paid all post-petition expenses in the ordinary course and/or as required by this Court. Tavenner & Beran understands that the Debtor does have sufficient funds on hand to immediately pay the compensation and reimbursement of expenses requested herein. However, Tavenner & Beran will work with the Debtor on timing of payment, which structure will be disclosed at the hearing on this Application.

11. To the best of Tavenner & Beran's knowledge, the Debtor has filed all requisite reports with this Court.

12. Tavenner & Beran has not previously filed an application for the allowance of compensation and expense reimbursement. The Debtor has been provided copies of the time records attached as Exhibit A.

13. Prior to the Petition Date, the Debtor provided Tavenner & Beran with a retainer totaling $7,500.00 (the "Retainer") for services rendered and expenses incurred in connection with the engagement and granted Tavenner & Beran a security interest in the Retainer to secure repayment of fees and expenses as they become due. The Debtor was unable to provide the

$1,717.00 to pay the filing fee of this Case and as such, the Retainer was depleted by $1,717.00 for said filing fee. In addition, before the Petition Date, an additional $1,305.00 of the Retainer was used in connection with the filing of this Case. Accordingly, as of the Petition Date, $4,478.00 of the Retainer remained unapplied and subject to future payment applications in accordance with the Retention Letter and § 330 of the Bankruptcy Code.

Summary of Services Rendered

14. Tavenner & Beran provided various services to the Debtor, which may be summarized as follows:

a. Case Administration: Total Hours 16.10 Total Fee $5,095.00

| Attorney/ Paralegal | Year Admitted | Hourly Rate 2020 | Total Hours 2020[2] |
|---|---|---|---|
| Lynn L. Tavenner | 1989 | $0.00 | 1.6 |
| Paula S. Beran | 1992 | $480.00 | 5.5 - $2,640 |
| David N. Tabakin | 2011 | $275.00 | 9 - $2,455[3] |

Description

Conferences, correspondence, document preparation and review, and Court appearances related/necessary for the administration of this case.

Attached hereto as Exhibit A – Case Administration Section is a complete statement of such services rendered by Tavenner & Beran.

Necessity and Benefit
These services were necessary to assist the Debtor in the administration of this case.

b. Fee/Employment Applications: Total Hours 2.20 Total Fee $707.50

| Attorney/ | Year | Hourly | Total |
|---|---|---|---|

[2] Certain hours were recorded but not billed to the estate to assist in a successful reorganization..
[3] Mr. Tabakin's hourly rate was incorrect on one entry in an amount that was $20.00 less than what should have been charged

| Paralegal | Admitted | Rate 2020 | Hours 2020 |
|---|---|---|---|
| Paula S. Beran | 1992 | $480.00 | .50 - $240.00 |
| David N. Tabakin | 2011 | $275.00 | 1.70 – $467.5 |

Description
Correspondence, conferences, document preparation, document review, and Court appearances relating to the employment of bankruptcy professionals.

Attached hereto as Exhibit A – Fee/Employment Applications Section is a complete statement of such services rendered by Tavenner & Beran.

Necessity and Benefit
These services were necessary for the Debtor to be properly represented and advised by its professionals.

c. Plan: Total Hours 25.10 Total Fee $7,723.50

| Attorney/ Paralegal | Year Admitted | Hourly Rate 2020 | Total Hours 2020[4] |
|---|---|---|---|
| Lynn L. Tavenner | 1989 | $0.00 | 7.6 – 0.0 |
| Paula S. Beran | 1992 | $480.00 | 14.2 - $6,816 |
| David N. Tabakin | 2011 | $275.00 | 3.3 - $907.5 |

Description
Correspondence, conferences, document preparation and review, and Court appearances relating to plan items.

Attached hereto as Exhibit A – Plan and Disclosure Section is a complete statement of such services rendered by Tavenner & Beran.

Necessity and Benefit
These services were necessary to assist the Debtor in its formation, documentation, approval, and implementation of the plan.

15. The total amount of compensation requested by Tavenner & Beran is based on the hourly rates normally charged by the attorneys and paraprofessionals who performed legal services for the Debtor in this matter are further summarized on Exhibit A.

[4] Certain hours were recorded but not billed to the estate to assist in a successful reorganization.

16. Attached hereto as Exhibit B is a summary sheet concerning the fees charged in this Application. The fees sought by Tavenner & Beran are reasonable for the work it performed in the area of bankruptcy services. Such fees are customary and are comparable in amount to services rendered by other attorneys in the area. The fees sought herein are reasonable considering the nature and extent of the work, the time spent, and the value of the services.

Applicable Legal Standard

17. The Bankruptcy Code sets forth the legal standards for awarding compensation to professionals. The format for fee applications is set forth in the Compensation Guidelines for Professionals in the United States Bankruptcy Court for the Eastern District of Virginia.

18. Under § 330 of the Bankruptcy Code, the Court may award Tavenner & Beran reasonable compensation for actual, necessary services rendered by such attorneys and paraprofessionals employed by such law firm based on the nature, extent, and value of the services rendered, time spent on such services and the cost of comparable services other than in a bankruptcy case. Furthermore, the Court may award reimbursement for actual, necessary expenses.

19. Under the "lodestar" approach, the Court should consider the number of hours of service reasonably devoted to the case multiplied by reasonable rates. Courts frequently consider the specific lodestar factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). These lodestar tests were adopted by the Fourth Circuit in *Barber v. Kimbrells, Inc.*, 577 F.2d 216, 226 (4th Cir.), *cert. denied*, 439 U.S. 934 (1978), and in *Anderson v. Morris*, 658 F.2d 246, 249 (4th Cir. 1981), where the Fourth Circuit held that the District

Court should employ the lodestar approach, and then adjust the fee on the basis of the remaining *Johnson* factors in the case. The following are the *Johnson* factors:

(a) the time and labor required;
(b) the novelty and difficulty of the questions;
(c) the skill requisite to perform the legal service properly;
(d) the preclusion of other employment by the attorney due to acceptance of the case;
(e) the customary fee;
(f) whether the fee is fixed or contingent;
(g) time limitations imposed by the client or the circumstances;
(h) the amount involved and the results obtained;
(i) the experience, reputation and ability of the attorneys;
(j) the "undesirability" of the case;
(k) the nature and length of the professional relationship with the client; and
(l) awards in similar cases.

*Johnson*, 488 F.2d at 717-719; *Barber*, 577 F.2d at 226, n.28; *Anderson*, 658 F.2d at 248, n.2.

20. Tavenner & Beran believes that the services rendered to the Debtor were necessary and reasonable in view of the bankruptcy case and the scope and nature of the matters in which the Debtor is involved to be competently represented.

21. Upon information and belief, the rates charged by Tavenner & Beran are comparable to fees charged by other law firms retained in similar capacities in comparable Chapter 11 cases. Tavenner & Beran believes that the fees requested herein clearly satisfy the *Johnson* factors as set forth above.

Conclusion

WHEREFORE, Tavenner & Beran submits this Application for Allowance of Interim and Final Compensation for Professional Services Rendered by Tavenner & Beran, PLC as Counsel in the amount of $13,526.00 for fees and $ 223.45 for costs for the period of March 12, 2020 through September 3, 2020. Tavenner & Beran respectfully requests that the Court enter an

Order substantially in the form attached hereto as Exhibit C approving the compensation requested herein, authorizing, and directing the Debtor to pay such amounts and granting such other and further relief as the Court deems appropriate.

Respectfully submitted,
GEMINI REALTY LLC

Dated: September 28, 2020
Richmond, Virginia

By: */s/ Paula S. Beran*

Lynn L. Tavenner, Esquire (VSB No. 30083)
Paula S. Beran, Esquire (VSB No. 34679)
David N. Tabakin, Esquire (VSB No. 82709)
Tavenner & Beran, PLC
20 North 8th Street
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopier: (804) 783-0178

*Counsel for the Debtor*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of September 2020, a true copy of the foregoing Application was served via first-class and/or electronic mail to Kathryn R. Montgomery, Assistant United States Trustee, and all parties receiving ECF notices. Notification of the filing of the Application and amounts sought therein will be served on all creditors and all parties that properly filed a request for notice of papers in this case pursuant to Bankruptcy Rule 2002.

*/s/ Paula S. Beran*
Counsel

Exhibit B

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

In re:
Gemini Realty LLC[1]

Debtor

Case No. 20-31408-KLP

Chapter 11

**Fee Application Summary**
Applicant: Tavenner & Beran, PLC
Counsel for the Debtor

| Categories | Hours | Amount |
|---|---|---|
| | | |
| Case Administration | 16.10 | $5,095.00 |
| Fee/Employment Applications and Objections | 2.20 | $707.50 |
| Plan/Disclosure Statement | 25.10 | $7,723.50 |
| | | |
| **TOTAL** | 43.40 | $13,526.00 |

**Summary of Expenses – See Attached.**

[1] The Debtor's address is 10613 Sherwin Place, Glen Allen, Virginia 23059, and the Debtor's EIN is 84-1710227.

**EXHIBIT C**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| In re: Gemini Realty LLC[1] Debtor | Case No. 20-31408-KLP Chapter 11 |
|---|---|

**ORDER GRANTING FIRST INTERIM AND FINAL APPLICATION OF TAVENNER & BERAN, PLC FOR ALLOWANCE OF COMPENSATION AND EXPENSE REIMBURSEMENT AS DEBTOR'S COUNSEL**

This matter came before the Court upon the First Interim and Final Application of Tavenner & Beran, PLC for Allowance of Compensation and Expense Reimbursement as Counsel (the "Application") filed by Tavenner & Beran, PLC ("Tavenner & Beran"); and it appearing to the Court that (i) Tavenner & Beran provided proper notice of the Application to all necessary parties; (ii) no objections to the Application have been filed; and (iii) the request for compensation as allowed herein is reasonable, it is hereby ORDERED that:

1. The Application is hereby approved;

2. The request for compensation in the amount of $13,526.00 for fees and $ 223.45 for costs by Tavenner & Beran be and hereby is allowed on a final basis;

[1] The Debtor's address is 10613 Sherwin Place, Glen Allen, Virginia 23059, and the Debtor's EIN is 84-1710227.

Lynn Lewis Tavenner, Esquire (Va. Bar No. 30083)
Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Counsel for the Debtor*

3. Tavenner & Beran is authorized to draw from the Retainer amounts allowed herein;

4. The Debtor is authorized and directed to pay to Tavenner & Beran the amount of compensation allowed herein as an administrative expense; and

5. Upon entry, the Clerk shall serve by electronic delivery or first class mail, postage prepaid, copies of this Order on the Office of the United States Trustee.

ENTERED: ____________________________________
UNITED STATES BANKRUPTCY JUDGE

We ask for this:

____________________________________

Lynn L. Tavenner, Esquire (Va. Bar No. 30083)
Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Facsimile: (804) 783-0178

*Counsel for Debtor*

Seen and No Objection:

____________________________________

Kathryn R. Montgomery (Va. Bar No. 42380)
Shannon F. Pecoraro (Va. Bar No. 46864)
Department of Justice
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219
Tel: (804) 771-2310
Fax: (804) 771-2330

*Assistant United States Trustee*

**LOCAL RULE 9022-1 CERTIFICATION**

In accordance with Local Rule 9022-1, the foregoing order has been endorsed by or served upon all necessary parties.

______________________________________
*Counsel*